[Civ. No. 8712.    Fourth Dist., Div. One.    May 4, 1967.]

ROBERT ARMANDO PEREZ, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Frank L. Williams, Jr., Public Defender, and James R. Goff, Deputy Public Defender, for Petitioner.

Cecil Hicks, District Attorney, and Robert E. Law, Deputy District Attorney, for Respondent and Real Party in Interest.

LAZAR, J. pro tem.*—Petitioner applies for a writ of prohibition to restrain prosecution under Health and Safety Code, section 11530 (possession of marijuana, a felony), contending the marijuana evidence upon which he was bound over for trial was found incident to an unlawful search of his automobile.

On December 3, 1966, a dark night, between 8:15 p.m. and 10:30 p.m., two deputy sheriffs observed an unlighted car parked near the rear of a partially fenced-in vacant lot. Putting a spotlight on the car from their car in the street, they saw the doors of the two-door car fly open, two persons jump out, run to the rear of the lot and disappear over the fence. The officers immediately drove to the car, got out and chased the fleeing persons without success. The lot was very muddy, with large puddles of water from recent rains. There were no direct lights in the area; only a glow from surrounding houses. It was abnormal for a car to be parked in the lot. One of the officers noticed empty beer cans outside the car. The circumstances aroused the suspicions of the officers and they searched the car to ascertain why the occupants had fled.

Opening the car doors, the officers saw several unopened beer cans on the front seat. One officer checked the sun visor, the glove compartment, the front and back seats and the floorboards. At that point, seeing a heater vent "directly over the transmission hump" he flicked it open and found a brown paper sack containing marijuana. He also observed "some wheat straw paper" which slipped back out of reach. The other officer found the car's registration slip. The petitioner, who was the registered owner of the vehicle, then came to the car and was arrested for possessing marijuana.

## QUESTION

"*Was the search of the automobile and the seizure of the paper sack containing marijuana a violation of the Petitioner's rights under the Fourth Amendment of the United States Constitution and Article 1, Section 19 of the California State Constitution?*"

A difference in the application of the Fourth Amendment to the search of transient as distinguished from fixed properties was early understood. "[C]ontemporaneously with the adoption of the 4th Amendment we find in the first Congress, and in the following second and fourth Congresses, a differ-

*Assigned by the Chairman of the Judicial Council.

ence made as to the necessity for a search warrant between goods subject to forfeiture, when concealed in a dwelling house or similar place, and like goods in course of transportation and concealed in a movable vessel where they readily could be put out of reach of a search warrant." (*Carroll* v. *United States* (1925) 267 U.S. 132, 151 [69 L.Ed. 543, 550, 45 S.Ct. 280, 284, 39 A.L.R. 790].)

Chief Justice Taft in *Carroll, supra,* discussed fully the early statutes of the Congress which demonstrated "that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government" to allow such a distinction in the necessity for a search warrant. "[T]he true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably rising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The 4th Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens." (*Carroll* v. *United States, supra,* 267 U.S. 132, 149 [69 L.Ed. 543, 549, 45 S.Ct. 280, 283-284, 39 A.L.R. 790].)

*Carroll* relies upon *Boyd* v. *United States,* 116 U.S. 616 [29 L.Ed. 746, 6 S.Ct. 524], and quotes therefrom for the basic language supporting a distinction between " 'A search for and seizure of a man's private books and papers for the purpose of obtaining information therein contained, or of using them as evidence against him.' " (*Carroll, supra,* 267 U.S. 132, 149 [69 L.Ed. 543, 550, 45 S.Ct. 280, 284, 39 A.L.R. 790].) and a search for and seizure of contraband, that which it is illegal to possess. In *Carroll* the stopping and search of an automobile and seizure of liquor being unlawfully carried, all without issuance of a warrant, was upheld. The court determined that an offer of sale to the arresting officers two months earlier, recognition of the automobile, and travel upon a known route from supply center to distribution center constituted reasonable cause for the seizure. *Carroll* thus establishes the rule of search and seizure with probable cause, but absent a warrant, to mobile properties, boats, wagons, automobiles and the like "where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be

sought." (*Carroll, supra.*) See also, *Brinegar* v. *United States*, 338 U.S. 160 [93 L.Ed. 1879, 69 S.Ct. 1302]; *People* v. *Burke*, 61 Cal.2d 575, 579 [39 Cal.Rptr. 531, 394 P.2d 67]; *People* v. *Terry*, 61 Cal.2d 137, 152 [37 Cal.Rptr. 605, 390 P.2d 381].

We are not here concerned with a search and seizure sought to be justified as incident to an arrest. (*Preston* v. *United States*, 376 U.S. 364 [11 L.Ed.2d 777, 84 S.Ct. 881].) Nor are we concerned with search of an automobile taken into custody pursuant to statutory mandate (Health & Saf. Code, § 11611), upon an arrest for sale of heroin, the arrest not being dependent upon the evidence discovered by the search. (*People* v. *Cooper*, 234 Cal.App.2d 587 [44 Cal.Rptr. 483], affirmed *Cooper* v. *California*, 386 U.S. 58 [17 L.Ed.2d 730, 87 S.Ct. 788]; *People* v. *Webb*, 66 Cal.2d 107 [56 Cal.Rptr. 902, 424 P.2d 342].)

We are concerned with the validity of an investigative or exploratory search of an automobile incident to an equivocal situation which does not suggest the commission of a specific offense. The question must be answered in relation to the test of reasonableness under the circumstances. Instances approaching this problem are to be found in these cases: In *People* v. *Molarius*, 213 Cal.App.2d 10 [28 Cal.Rptr. 541], burglary and disappearance of the burglars (in conjunction with detailed facts) was held to justify search of a vehicle abandoned at the rear of the burglarized store. In *People* v. *Hilliard*, 221 Cal.App.2d 719 [34 Cal.Rptr. 809], police officers approached a known ex-felon on a public street who ran, entered a recessed area briefly and upon reappearance was apprehended; a search of the recessed area led to discovery of a pistol; the ex-felon was convicted of possession of a deadly weapon.

In *People* v. *Grubb*, 63 Cal.2d 614 [47 Cal.Rptr. 772, 408 P.2d 100], the search, and seizure of a "billy" club, was upheld where a car was parked on the wrong side of the road projecting dangerously into the highway, with no registration slip visible. Affixed to the windshield was an unsigned note reciting mechanical difficulties and an intention to return for the car.

*People* v. *Drake*, 243 Cal.App.2d 560 [52 Cal.Rptr. 589], involved the search of automobile parked on a service road "three or four feet" from and parallel to the curb and opposite a residence on the other side of the street. The distance from the curb was a violation of the Vehicle Code.

This attracted the attention of the patrolling officers who found the doors unlocked and the driver's door opened to the emergency latch. Although the registration slip was not readable from outside it was readily obtained by opening the door and reaching inside. The registration slip showed an address about two miles distant. The vehicle was not listed as stolen. In attempting to determine if it had been "hot wired" an officer reached for the ignition wires and discovered a sack of marijuana. Immediately the officers learned the registered owner was present in the nearby residence already mentioned. The court said: ". . . the officers were not engaged in the search for contraband nor were they attempting to make an arrest, and they were not obligated under the law to ignore the contraband which came to their attention accidentally while they were engaged in a lawful investigation of the vehicle in which it was found." (*People* v. *Drake, supra,* 243 Cal.App.2d 560, 564, citing *People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721]; *People* v. *Ortiz,* 147 Cal.App.2d 248 [305 P.2d 145] and *People* v. *Simpson,* 170 Cal.App.2d 524 [339 P.2d 156].)

None of the cases cited by petitioner inhibit the view we take of the facts presented to us. *People* v. *Martin,* 46 Cal.2d 106 [293 P.2d 52], cited by respondent gives strong support relative to the suspicion to be attached to flight, although there it was by car and not by foot. The case differs in that the finding of contraband was the result of an obvious attempted manual hiding of the paper container as it rested on the front seat.

■ We conclude that the facts earlier detailed constitute "extraordinary and exceptional circumstances" (*People* v. *Grubb, supra,* 63 Cal.2d 614, 618), and afford reasonable cause for the investigation of the automobile involved in this proceeding. The conduct of the occupants, was, to say the least, highly unusual and strongly suggestive of guilty consciences. In fact, we find it impossible to attach an innocent implication to the facts presented to the deputy sheriffs. If the purposes of law enforcement officers are not to be restricted beyond reason it must be agreed that it is their duty to make thorough investigation of suspicious circumstances of which they are aware. We agree that knowledge or indication of a specific offense does not justify disregard of constitutional rights for the purpose of broadsiding charges against a suspect. But where highly suspicious circumstances are created by the obvious acts of a defendant, yet no specific

offense is indicated, it is not unfair or unreasonable to say that he has invited full investigation of those circumstances and acts. As we asked upon oral argument, if the flight of the men threw wide open the question of their conduct what argument is there for unreasonableness or illegality of an unrestricted search of the automobile they had been occupying to find an explanation for that conduct and to seize contraband, if found. No answer was given; we discern none available. Such view does no violence to the admonition that the Fourth Amendment and reasonable search and seizure be construed "in a manner which will conserve public interests as well as the interests and rights of individual citizens." (*Carroll* v. *United States, supra,* 267 U.S. 132, 149 [69 L.Ed. 543, 549, 45 S.Ct. 280, 39 A.L.R. 790].)

The writ is denied.

Brown (Gerald), P. J., and Coughlin, J., concurred.