Roy Lee SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 47143.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Tracy Crawford, Tyler (Court appointed), for appellant.

Curtis Owen, Dist. Atty., and Pete Menefee, Asst. Dist. Atty., Tyler, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for rape; the punishment, thirty years' imprisonment.

The questions presented are whether the appellant's confession and evidence alleged to have been unlawfully obtained were erroneously admitted; and whether a charge on the law of circumstantial evidence was erroneously refused.

■ It is candidly conceded in appellant's brief that the record shows that only a fact issue was raised "as to the voluntariness of defendant's confession and the validity of his waiver of the right to counsel," and that this ground is urged on appeal in order that the case may be "fully presented." After a pre-trial hearing the Court made findings of fact and law, which findings are in the record, concluding that the confession was voluntarily admitted. The record supports the trial court's finding and the requirements of Article 38.22, Vernon's Ann.C.C.P., and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) were met. The fact issues raised were fairly submitted to, and resolved by, the jury. No error is presented.

■ The confession was direct evidence. Therefore, the failure to submit a charge on the law of circumstantial evidence was not error. See Cogburn v. State, 458 S. W.2d 932 (Tex.Cr.App.1970); and Stoneham v. State, 389 S.W.2d 468 (Tex.Cr.App. 1965).

The remaining complaint concerns the admission of a deputy sheriff's testimony, which it is alleged was based upon an unlawful search of the appellant's billfold.

About an hour before the commission of the offense for which the appellant stands convicted, at approximately 11:00 p. m., two officers on patrol duty observed a parked automobile near a road back of a lumber company. On two or three prior occasions when burglaries of the lumber company had been committed, the burglar's tracks had been traced to the place where the officers found the parked automobile. It was in a dark place approximately 400 yards from the nearest house or highway. A spotlight was directed toward the automobile by the officers, who then saw in open view on the front seat a billfold and a polka dot cap.

The billfold was found to contain the identification of R. L. Smith. Evidence of identification of Samuel T. Waffer was found in the glove compartment. The officers left the vehicle as they found it and drove around to the lumber company to investigate. When they were unable to see anything suspicious around the premises of the lumber company, they returned to the place where they had seen the automobile. It had been moved and was not in sight.

The appellant's confession relates that he, Samuel Waffer and Robert Bowens

drove in Waffer's automobile to the spot where the officers found it parked. They left their billfolds in the automobile and started across the field toward the Hightower Lumber Company. They noticed a patrol car stop and flash a light in Waffer's automobile, and then saw the patrol car drive toward the lumber company. The appellant and his companions returned to Waffer's automobile and drove away.

The confession further relates that the appellant and his companions decided to drive out to Bellwood Lake. Near Bellwood Lake they found a parked automobile, in the back seat of which were the prosecutrix and her boyfriend. At gun point they robbed the boyfriend and forced him into the trunk of the automobile. The appellant and his two companions each forced the prosecutrix to submit to sexual intercourse in the back seat of the automobile.

The prosecutrix and her boyfriend were only able to positively identify Waffer as one of the three men who committed the offense. However, they observed that one of the other men wore a polka dot cap and they were able to describe and identify Waffer's automobile.

On appeal the appellant does not contend that the officers' investigation of the parked automobile was unlawful. He confines his complaint to the admission of the testimony resulting from the search of the billfold.

We first observe that the appellant's objection at the time of trial was not directed to the narrow ground he now urges. It is doubtful that this ground of error was properly raised and preserved in the trial court. However, assuming that it was, it appears that the investigation and search made by the officers under all the circumstances already stated were a reasonable search made upon probable cause. We note in so holding that an automobile's mobility may render its search reasonable when the search of a fixed structure, such as a house, would not be reasonable.

Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1966); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The officers here would have been remiss in their duty to detect and prevent crime had they not investigated the parked automobile found in such suspicious circumstances. Upon seeing the billfold in open view on the car seat, they quite properly inspected its contents. See and compare People v. Gale, 9 Cal.3d 788, 108 Cal.Rptr. 852, 511 P.2d 1204 (1973); People v. Superior Court, County of Contra Costa, 264 Cal.App.2d 794, 70 Cal.Rptr. 795 (1968); People v. Drake, 243 Cal.App.2d 560, 52 Cal.Rptr. 589 (1966). Further, we note that the record in this case does not show that the identity and arrest of the appellant as one of the participants in the crime resulted from the search of the billfold.

The judgment is affirmed.

Opinion approved by the Court.