PINK HENDERSON v. THE STATE.

No. 3721. Decided January 30, 1907.

### 1.—Local Option—Evidence—Presence of Defendant—Bill of Exceptions.

Upon trial for a violation of the local option law there was no error in admitting the declaration of the State's witness to the effect that he met the sheriff *immediately after* purchasing some whisky from defendant, the record showing that the sheriff testified that he saw the transaction and that said witness *immediately* came over to where the officer was. This served to identify the transaction; besides the bill of exceptions did not show how such testimony could affect defendant.

### 2.—Same—Cross-Examination—Impeaching Testimony.

On a trial for a violation of the local option law there was no error in defendant's cross-examination by the State asking defendant whether he had ever told before that he bought whisky from prosecutor, as stated in his examination in chief.

### 3.—Same—Argument of Counsel—Harmless Error.

Where upon a trial for a violation of the local option law the State's counsel in his closing argument stated that the evidence in the case showed not only that the defendant made the sale to the prosecuting witness, but that he was engaged in the sale of intoxicating liquor, and a charge was asked to eliminate this from the consideration of the jury, there being no evidence that defendant was engaged in the sale of whisky except that for which he was being tried. Held, while the argument may have been objectionable, it was not of that character *which authorized* a reversal. Distinguishing Taggart v. State, 97 S. W. Rep., 95.

### 4.—Statement of Facts—Practice on Appeal.

It is not sufficient to mark in the statement of facts, "here copy the record or records," instead of copying the minutes of the court intended to go into the statement of facts.

### 5.—Same—Certiorari—Filing Back—Twenty Days Limit.

Where upon appeal from a conviction for violating the local option law there was no contest of the affidavit by the State that the statement of facts was deposited with the clerk after the expiration of the twenty days allowed by the court for filing same, and that by agreement said filing was dated back within said time, the certiorari to correct statement of facts was refused and a motion to strike out said statement sustained.

Appeal from the County Court of Johnson. Tried below before the Hon. J. D. Goldsmith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The State's testimony showed that the prosecutor went to defendant's place of business and purchased a pint of whisky and some tobacco from him and paid him 50 cents for it.

*F. E. Johnson, H. P. Brown* and *A. S. Bledsoe,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and thirty days confinement in the county jail; hence this appeal.

Appellant excepted to the action of the court in permitting the witness Frank Overton to state that when he came from the rear of the pool-room, after purchasing some whisky from appellant, he came directly across the street by the Cleburne Grocery store, and he there saw the sheriff, and another man whom he took to be Dug Wade. This was objected to on the ground that it was a transaction between other parties not had and made in the presence or hearing of the defendant, and was immaterial and inadmissible. As presented in this bill, the testimony does not appear to be pertinent, but it does not appear to be harmful, and could not be ground for reversal, because the bill does not show how such testimony could affect appellant. However, as we take it from other portions of the record, this testimony was admissible inasmuch as the sheriff testifies that he saw the transaction between appellant and the prosecutor Frank Overton, and that Overton came immediately to where he was. This serves to identify the transaction.

When appellant was on the stand in his own behalf, he testified in regard to the same transaction in which the witness Overton had testified against him, as to the sale of whisky, that instead of the prosecutor buying whisky, that he bought the half pint of whisky from the prosecutor. On cross-examination he was asked if he had ever told about this transaction before. He answered that he had not. This was objected to by appellant. In our opinion this testimony was properly elicited from appellant on his cross-examination. He claims, as a matter of defense, that he had not bought the whisky from the prosecutor, that the prosecutor had at that time bought a bottle of whisky from him, and it was pertinent, it occurs to us, to prove by him that he had never mentioned that matter before. The fact that the State could make use of such testimony to impugn the credit of appellant, was the very reason afforded for its admission.

During the argument of the case, in closing for the State, the county attorney said that the evidence in this case shows not only that the defendant made the sale to the prosecuting witness in this case, but that he is engaged in the sale of intoxicating liquor. This was objected to by appellant, and a charge was asked eliminating this from the consideration of the jury, it being claimed that there was

no evidence to justify such declaration. In support of appellant's contention we are referred to Taggart v. State, 17 Texas Ct. Rep., 74, and 97 S. W. Rep., 95. That was a case where proof had been admitted showing that the defendant there had been engaged in soliciting the sale of whisky for some time previous to the alleged sale; that evidence under the circumstances of that case was held competent. In discussing the case the county attorney stated to the jury, in effect, that a man who would solicit the sale of whisky in a local option territory, and the people did not want it sold there, would sell whisky. In that case a charge was requested telling the jury not to consider that argument against appellant, which charge was given by the court. It was held in that case that that procedure was not error. That, however, was not authority for the proposition that because the court failed to eliminate the argument in this case there would be error. It was not even stated in the Taggart case that if the court had failed to instruct the jury not to consider the argument that it would have been a reversible error. In the case here we find no evidence authorizing the argument that appellant was engaged in the sale of whisky except being engaged in the sale of the particular whisky here charged. While the argument may have been objectionable, we do not believe it was of that character which would require a reversal of this case. There being no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### March 22, 1907

HENDERSON, Judge.—On a former day of this term the judgment in this case was affirmed. Appellant files a motion for rehearing with an application for certiorari, which is based upon the fact that in signing up the statement of facts in the court below, instead of copying the minutes of the court in regard to calling, holding and declaring result of the election, publication, etc., as required by law, it is not sufficient to mark in statement of facts "here copy the record or records." And but for another proposition the certiorari would be awarded.

The State meets the motion for certiorari and motion for rehearing by affidavit showing that the statement of facts was agreed upon and in fact deposited with the clerk after the expiration of the time allowed for filing, and by agreement the filing of said statement of facts was dated back within the twenty days allowed by the order of the court. There is no contest of this motion, so we take it as a correct statement that it was filed back instead of being filed on the day it was deposited with the clerk. This cannot be done. The motion of the State to strike out the statement of facts in opposition to the certiorari will be sustained, and the certiorari is refused. The motion for rehearing is overruled.

*Motion overruled.*