J. A. SIMMONS v. THE STATE.

No. 4070.   Decided May 10, 1916.

Rehearing denied May 31, 1916.

**1.—Rape—Election by State—Other Acts of Sexual Intercourse.**

Upon trial of rape by defendant upon his granddaughter, there was no error in admitting in evidence other acts of sexual intercourse occurring subsequently to the date elected by the State; the court instructing the jury that they could not convict the defendant for other acts of sexual intercourse than the one selected by the State, and that they could only consider these other acts of intercourse in passing on the question as to whether an act of sexual intercourse took place on the date on which the State had selected to prosecute, and the court correctly refused a requested charge to instruct the jury not to consider for any purpose these subsequent acts of intercourse. Following Battles v. State, 63 Texas Crim. Rep., 147, and other cases.

**2.—Argument of Counsel.**

Upon trial of rape, there was no error in the argument of State's counsel, although he did not literally repeat the testimony of the witness in discussing their testimony.

**3.—Same—Evidence—Habits—Immaterial Testimony.**

Upon trial of rape, there was no error in not admitting testimony by a physician that from his knowledge and experience, in dealing with young girls, it was always the natural desire and impulse of a girl to deny the guilt of her lover and charge some other man with having been the cause of her downfall. This was simply a question for argument.

**4.—Same—Opinion of Juror—Challenge for Cause—Statement of Facts.**

Where the defendant in his motion for new trial complained that one of the jurors who tried the defendant was incompetent by having expressed an opinion, but failed to file the statement of facts of the testimony adduced on said question during court, the same could not be considered on appeal; however, when considered there was no reversible error.

**5.—Same—Statement of Facts—Questions and Answers.**

Where the evidence was not reduced to narrative form in the statement of facts, but appeared in question and answer form, the same can not be considered on appeal, even if it had been filed in time. Following Kemper v. State, 57 Texas Crim. Rep., 355, and other cases.

**6.—Same—Misconduct of Jury—Affidavits.**

Where defendant alleged that the jury heard other evidence than that adduced on the witness stand, but no affidavit was attached to the motion for a new trial, the same can not be considered on appeal.

**7.—Same—Absence of Defendant—Practice on Appeal.**

Where defendant complained that the defendant was absent during part of the proceedings had on his trial, the matter can not be considered on appeal in the absence of a bill of exceptions reserved at the time; besides, no such absence appeared in the record.

**8.—Same—Motion for Rehearing—Act of Sexual Intercourse—Election by State.**

Where appellant contended in his motion for rehearing that the act of sexual intercourse upon which the State elected to try him, had in fact not occurred, but the record disclosed that the date of said act of intercourse clearly appeared in the statement of facts, upon which the court below based his charge, there was no reversible error.

Appeal from the District Court of Donley. Tried below before the Hon. Hugh L. Humphres.

Appeal from a conviction of rape; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Simpson & Steed* and *A. M. Mood,* for appellant.—Upon question of other acts of sexual intercourse: Battles v. State, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783; Haggart v. State, 77 Texas Crim. Rep., 270, 178 S. W. Rep., 328; Busby v. State, 51 Texas Crim. Rep., 289, 103 S. W. Rep., 638; Bowman v. State, 155 S. W., 939.

On question of argument of counsel: Bearden v. State, 46 Texas Crim. Rep., 144, 79 S. W. Rep., 37; Davis v. State, 114 S. W. Rep., 366; Hunnicutt v. State, 18 Texas C. App., 498.

Upon question of charge of court not limiting properly other acts of sexual intercourse: Rogers v. State, 26 Texas C. App., 404; Battles v. State, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783; Haggart v. State, 77 Texas Crim. Rep., 270, 178 S. W. Rep., 328.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of rape upon his granddaughter, and his punishment assessed at imprisonment for life.

It appears that appellant, the grandfather of Lillie Mae Cox, took the little girl when she was but six years of age and raised her, she being past fifteen at the time of the trial. In her direct examination she testified to a course of conduct covering several years, and testified to acts of intercourse covering two or three years, giving as the last date an act that took place shortly after her fifteenth birthday. Appellant on cross-examination developed the fact, according to the girl's testimony, that the acts had been continuous, occurring as often as two or three times a week. After the State had closed its case, the appellant filed a motion requiring the State to elect upon which act it would seek to ask for a conviction. The motion was sustained, and the State elected the act testified to as occurring about February 1, 1915, and the court in his charge limited the purpose for which the testimony of other acts could be considered, and also gave three special requested charges by appellant on this issue absolutely limiting the testimony, and instructing the jury they could convict appellant only in the event the offense was committed on the date selected, and that any other acts testified to could be considered only, if considered at all, in passing on whether or not an act of intercourse took place on the date on which the State had elected to prosecute. After the State had elected, the appellant requested the court to instruct the jury not to consider for any purpose any evidence of an act or acts occurring subsequent to the date selected, and reserved an exception to the failure of the court to give this charge. We so thoroughly discussed this question in Battles

v. State, 63 Texas Crim. Rep., 147, we do not deem it necessary to again review the authorities. In this case it is shown that all the acts tend to show and do show but one continuous course of conduct. Mr. Wigmore, in his work on Evidence and late supplement thereto, in section 398, carefully collates the authorities from all States in the Union, and cites as sustaining the rule obtaining in this court, among other cases, People v. Soto, 11 Cal. App., 431; State v. Sebastian, 81 Conn., 1; Henderson v. State, 19 Idaho, 524; People v. Gray, 251 Ill., 431; State v. Brown, 85 Kan., 418; State v. Schueller, 120 Minn., 26; Woodruff v. State, 72 Neb., 815; People v. Thompson, 106 N. E. Rep. (N. Y.), 78; Morris v. State, 131 Pac. Rep. (Okla.), 731; State v. Richey, 88 S. C., 239; State v. Rash, 27 S. Dak., 185; Sykes v. State, 112 Tenn., 572; State v. Wellet, 78 Vt., 157; State v. Mobley, 44 Wash., 549, and other cases.

Appellant requested the court to instruct the jury as follows: "You are instructed not to consider for any purpose the argument of the county attorney wherein he makes the statement that the witness, Lillie Mae Cox, swore that before she went to Dallas the defendant offered her a dollar to tell her mother that Mack DeBoard was the cause of her trouble," contending there was no testimony in the record upon which to base such remarks. The girl testified, as shown by the statement of facts: "The reason that I told my mother that it was Mack DeBoard, my grandfather (appellant) told me to lay it on Mack. Two or three days before I went to Dallas, while we were heading maize, my grandfather began to cry and asked me for God's sake when I went to my mother, not to lay it on him; he said he would give me a dollar if I would let Mack do me that way, so if I was in this condition I would lay it on him." While the exact language used by the county attorney was not used by the girl, yet there is so slight difference in the meaning of the two statements, one could be used as a legitimate deduction of the other.

Appellant desired to prove by Dr. E. F. Hamm that from his knowledge and experience in dealing with young girls it was always the natural desire and impulse of girls to deny the guilt of her lover and charge some other man with having been the cause of her downfall. We do not see how qualifying as an expert physician would render the doctor any more competent to testify to such fact than any other observant man. While the girl admitted she loved Mack DeBord and had been engaged to marry him, yet she also testified that she also loved her grandfather (appellant). Appellant cites no authorities in support of his contention, and we know of none. As to whether such would be the natural inference to be drawn was a question of legitimate argument, and we suppose was made by appellant's counsel, and the jury was just as capable of passing on such question as a learned expert physician.

The court rejected the bill seeking to complain that juror McClain was an incompetent juror by reason of having expressed an opinion. Attached to the motion for a new trial is the affidavit of Messrs. Ed-

mondson and Brooks, saying that the juror had expressed an opinion in their presence. The State, in affidavit filed, contested the motion, Mr. McClain swearing he used no such language. By the record it shows that the court heard evidence on the motion, and the evidence is before us, but not in such shape as we can consider it. The term of court at which appellant was convicted adjourned January 29th, while the statement of facts on the motion for a new trial was not filed until April 22nd. It has been the unbroken rule of decision in this court since the rendition of the opinion in Black v. State, 41 Texas Crim. Rep., 980, that such evidence must be preserved by bill filed in term time. The evidence is not reduced to narrative form but is placed in the record in question and answer form, and this is no longer permissible, had it been filed in time. Kemper v. State, 57 Texas Crim. Rep., 375, and cases cited under article 846, Vernon's Crim. Proc., page 843. However, we will state we have read this evidence, even though in question and answer form, and if we could consider it, the evidence of Messrs. Edmondson and Brooks shows that if Mr. McClain used the language they attributed to him, it had no reference to this case but to another and different case. The testimony of Mr. McClain and Mr. Butler would authorize the trial judge to find that no such language was used.

There is an allegation in the motion alleging that the jury heard other evidence than that adduced on the witness stand after their retirement. There is no affidavit attached to the motion for a new trial in support of such an allegation, and no evidence we can consider to sustain such an allegation.

The only other bill in the record alleges that after the jury had been empaneled, but before the indictment was read or any evidence introduced, the defendant stepped just outside of the door of the courtroom and spoke to his son. The court at this time was instructing the jury as to their duties. The defendant has the right, of course, to be present during all the proceedings had on his trial, but appellant and his counsel, while aware of the proceedings, reserved no exception at the time, and did not complain of the matter until after verdict. The court in approving the bill states that the defendant was in such proximity to him and the jury, "that he could and would have heard all that was said." Under such circumstances the bill presents no error.

The other questions sought to be raised present no error, and the judgment is affirmed.

*Affirmed*

ON REHEARING.

May 31, 1916.

HARPER, JUDGE.—Appellant has filed a motion for rehearing presenting but one question. Appellant says: "This honorable court erred mind seemed most important in this: That appellant in his brief presented as best he could the proposition that there was no testimony

in the record supporting the act relied upon by the State for a conviction, in that the State elected upon, and the court charged the jury upon, *an act in the barn at defendant's home,* and as pointed out in the brief, there is no testimony of such act in the record, the evidence being that the act in the barn occurred in 1914, long prior to the date (January 12, 1915), where limitation started."

It is true the record discloses that Lillie Mae Cox testified to an act of intercourse occurring at the barn, 1914, but appellant is mistaken in stating that this is the only act she testified to occurring at the barn. She testified to an act occurring at the barn just prior to her fifteenth birthday. On direct examination she testified: "The next time he had intercourse with me between January and my birthday was about two or three days before the 18th of February (1915). I know because it was my monthly time on the 18th of February." It is also true that on direct examination she did not fix the place where this act of intercourse took place, but on cross-examination she did so. Appellant's attorney was questioning her about not telling him about this act when she talked to him. She testified: "I said there was no act during that time, but I never thought about this act until late last night; the act was *down at the barn* one evening; we went down there to strip feed and the reason I remember it is because he said, 'We better right now while we have a chance because it wouldn't be but a little time until my monthly time.'"

The court in his charge limited the jury to a conviction for this act of intercourse and gave three of appellant's charges so limiting the testimony and instructed the jury that if they did not find beyond a reasonable doubt this act occurred they would acquit appellant. Appellant's able counsel evidently overlooked the fact they in their cross-examination, before the State elected, had caused her to definitely fix the time and place that this act occurred.

The motion for rehearing is overruled.

*Overruled.*