RICHARD C. ZEPEDA V. STATE

No. 33,827. November 15, 1961
Motion for Rehearing Overruled February 14, 1962

*Maynard F. Robinson,* San Antonio 5, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *Edward E. Dewees,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for unlawfully carrying a pistol; the punishment, a fine of $500.

The evidence was undisputed that on the night in question the appellant, while carrying a pistol on his person, came to the Fiesta Club, a night club on Commerce Street in the city of San Antonio, where his former wife was employed. The wife testified that some thirty minutes before appellant came to the club, he had called and invited her to supper; that she refused and appellant then stated that he was coming to the club where she was employed; and that she asked him not to come. She stated that when appellant arrived he went to the bar and asked her for a beer; that she first told him she could not serve him because "the boss" didn't want him in the place; that appellant then put his hand into his coat; that, thinking he had a gun, she served him the beer. She further stated that while he was drinking the beer appellant looked at her employer and said, "I sure could shoot him from where I am right now." She stated that she then informed her employer that she thought appellant was armed, and the police were then called. The proof shows that when the police arrived, appellant was searched and a .22 caliber pistol, loaded with six cartridges, was taken from his person.

Appellant, testifying as a witness in his own behalf, admitted going to the Club Fiesta and having the pistol on his person. In explaining his carrying the pistol, appellant testified that on the night in question he was working for his cousin, Raymond Garza, at a tavern on Zarzamora Street in the city; that while he was working Garza called and instructed him to bring the money, which had been taken in at the place, to him in front of Schilo's by the Fiesta Club on Commerce Street. Appellant testified that he then took the money, which amounted to over $300, and a pistol from the place and drove to Commerce Street in a cab, where he delivered the money to Garza. Appellant stated that he then went into the club where his former wife was employed to see her about a doctor's bill for one of their children. He further stated that he was carrying the pistol because of the amount of money he was taking to Garza and that it was his intention to carry the pistol from the club to his home.

Raymond Garza, upon being called as a witness by appellant, corroborated appellant's testimony with reference to appellant bringing the money to him on the night in question.

The court, in submitting the issue of appellant's guilt, to the jury, instructed the jury, "* * * If you believe from the evidence, or have a reasonable doubt thereof, that the defendant, Richard C. Zepeda, had the pistol at his place of work and was carrying the same home, following the most practical and direct route without any unusual delay, you will find the defendant 'not guilty'."

The charge, to which appellant presented no objections in writing, fairly submitted his defense to the jury.

By its verdict the jury chose to accept the state's testimony and reject that of appellant.

We first overrule appellant's contention that the evidence is, as a matter of law, insufficient to support the conviction.

We have carefully examined the record in the light of appellant's contention that the court in his rulings made certain remarks which constituted a comment upon the weight of the evidence and were calculated to convey to the jury his opinion in the case, and we find no statement by the court in the jury's presence which constitutes reversible error under Art. 707, V.A.C.C.P.

Complaint is made to certain jury argument of state's counsel.

The entire argument is before us with appellant's objections thereto.

We find no reversible error in state counsel's argument, "* * * If he [appellant] had come in here and told the truth about this situation and plead guilty, I would say that maybe this is a minimum case, a case that he should receive the minimum punishment on." Counsel for the prosecution may with propriety argue that severe punishment should be assessed by the jury. 42 Texas Jur., par. 220, p. 284; Long v. State, 154 Texas Cr. Rep. 587, 229 S.W. 2d 366.

We are unable to agree that the statement by state's counsel, "Now all of you know where Schilo's is. It is about a block from Joske's down there. Before midnight at 11:30, what place is open along there? * * *," presents reversible error because not supported by the evidence. Upon a belated objection by appellant the jury was instructed by the court that they would be governed by the testimony heard from the witness stand and not by statements made by counsel.

Appellant's remaining complaint is to a portion of the closing argument of state's counsel. A part of the argument was clearly proper. Appellant made a blanket objection and did not specifically point out the objectionable portion of the argument. His objection presents nothing for review. Wilson v. State, 163 Texas Cr. Rep. 202, 289 S.W. 2d 597.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.