Robert Lee **MARSHALL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43972.

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 20, 1971.

Melvyn Carson Bruder, Dallas, court appointed on appeal, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, thirty (30) years.

Appellant's first ground of error is stated in his brief as follows:

"The appellant was deprived of a fair trial and was denied due process of the law when the prosecutor placed before the jury evidence of the appellant's failure to make an exculpatory statement to police prior to the trial, inviolation of Amendments V and XIV, Constitution of the United States."

Appellant, testifying in his own behalf, was cross-examined as to what he did immediately after the shooting as follows:

"A No, I saw the police passing by there as I was going down the hill.

"Q Did you hear the sirens? Did you hear the sirens on the ambulance as it came to haul them away?

"A They passed me, too.

"Q I suppose you went and told the police about this accident, didn't you?

"A No, I didn't.

"Q Do you still want to tell this jury that it was an accident?

"A Yes.

"Q Even though you didn't see fit to tell the police it was an accident?

"A Yes.

DEFENSE COUNSEL (MR. BOYCE)

"MR. BOYCE: Object to that, your Honor.

"Q (STATE'S ATTORNEY, MR. ORMESHER): When you were arrested—

"THE COURT: Wait a minute. What is your objection?

"MR. BOYCE: Object to that question and ask that the jury—

"THE COURT: What question is it? He asked several of them here. Which one?

"MR. BOYCE: The last one.

"THE COURT: Read it back; let's see which one. He has asked several questions there. Which one are you objecting to?

(Whereupon, the last question and answer were read by the reporter)

"THE COURT: Overrule you.

"MR. BOYCE: Note our exception.

"MR. ORMESHER: Now,—

"THE COURT: Wait a minute. Now, are you objecting, you didn't state your grounds, you just objected, and what I would like to know is what grounds you are objecting on, Mr. Boyce, because it might be on some grounds that might be good and on some that might not.

"MR. BOYCE: Well, I don't know whether he is talking about while he was under arrest or—

"THE COURT: If you are objecting to it because it was while he was under arrest I will sustain it, unless you show me it wasn't.

"MR. ORMESHER: I think it has been answered, your Honor.

"THE COURT: I know, but he stated that he objected to it because he was under arrest, and I don't know whether he was or wasn't. I am afraid that if he was under arrest I am going to sustain it. If he was not I will let it in, so you will have to show me that or I will sustain it and tell the jury to disregard the question.

"MR. ORMESHER: I will withdraw the question, your Honor.

"THE COURT: All right, go ahead. Disregard it, ladies and gentlemen."

It is appellant's contention that these questions and answers came within the rule which prohibits proof of the accused's silence to show his guilt.

We think the following three cases are controlling:

In Henderson v. State, 50 Tex.Cr.R. 604, 101 S.W. 208, a liquor law violation, we find the following:

"When appellant was on the stand in his own behalf, he testified in regard to the same transaction, in which the witness Overton had testified against him, as to the sale of whisky; that, instead of the prosecutor buying the whisky, he bought the half pint of whisky from the prosecutor. On cross-examination he was asked if he ever told about this transaction before. He answered that he had not. This was objected to by appellant. In our opinion this testimony was properly elicited from appellant on cross-examination. He claims as a matter of defense that he had not bought the whisky from the prosecutor, that the prosecutor had at that time bought a bottle of whisky from him; and it was pertinent, it occurs to us, to prove by him that he had never mentioned that matter before."

In Edwards v. State, 61 Tex.Cr.R. 307, 135 S.W. 540, 543–544, we find the following:

"Appellant testified that he shot the deceased in self-defense; that from the acts and conduct of the deceased he believed his life was in danger. Any witness on behalf of defendant, who had testified to conduct rendering the defendant justifiable, would be subject, on cross-examination, to examination about when he first told the facts, and if when he was testifying was not the first time he had ever made such a statement. It was permissible on the part of the state to show that defendant, prior to his surrender and prior to his trial, had never told any one that he acted in self-defense, and that, opportunity offering, he had not told his brother."

In Lee v. State, 148 Tex.Cr.R. 220, 185 S.W.2d 978, 982, we find the following:

"[Appellant] denied that he was running away or avoiding arrest.

"Upon cross-examination the appellant, over his objection, was required to testify: 'I didn't go up there and call on these officers and tell them what happened, that I had shot Junius Washington, because he was trying to jump on me, I did not report it to anybody in Mineral Wells; I was afraid, excited.'"

Later in the opinion we find the following:

"So, according to appellant's contention, the question presented by this bill of exception, in its final analysis, amounts to proof of the fact that appellant, after the killing, did not report to officers at Mineral Wells and in that report tell them of his justification which he claimed in the killing.

"We have reached the conclusion that the State was authorized to so cross-examine the appellant upon his defensive theory and that such conclusion finds support in the case of Edwards v. State * * *."

 Most of the cases cited by appellant deal with the silence of the accused after he has been placed under arrest and are, therefore, inapplicable to the case at bar. The questioning of the prosecutor, taken in its context, does not appear to relate to a time when the accused was under arrest. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, does not prohibit the action in the case at bar. In Chapman, the jury was repeatedly told by the prosecutor that they could consider the defendants' failure to testify at the trial as a circumstance against them. In the case at bar, we have a defendant who waived his right to remain silent at his trial, and was, therefore, subject to this limited impeachment regarding his previous silence. Compare Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1.

Appellant's first ground of error is overruled.

 His second ground of error complains of proof of the appellant's adjudication as a juvenile delinquent, which he contends was used as a part of his prior criminal record at the separate hearing on punishment, contrary to the holding of this Court in Slaton v. State, Tex.Cr.App., 418 S.W.2d 508, 511. Like Slaton, it was appellant who introduced the evidence relating to the juvenile record, and no error is reflected thereby.

 Appellant's last ground of error is that the Court erred in permitting Dr. Falais to testify from an autopsy report made by Dr. Rose, who was no longer a resident of Dallas. It should first be noted that when Dr. Falais testified, there was no objection, and appellant's trial counsel extensively questioned him from the report. If error, it has been waived. Cf. Cuevas v. State, Tex.Cr.App., 456 S.W.2d 110.

Finding no reversible error, the judgment is affirmed.