Marcello Gonzales **AROCHA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46786.**

Court of Criminal Appeals of Texas.

June 20, 1973.

Thomas A. Autry, Austin, for appellant.

Robert O. Smith, Dist. Atty., and Neal Pfeiffer, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant entered a plea of guilty and was convicted for the offense of unlawful sale of a narcotic drug, to-wit: marihuana. Punishment was assessed at six years and this appeal was taken.

The first ground of error complains of "have you heard" questions propounded to a character witness. On cross-examination the witness was asked if he had heard that the appellant was charged with the offense of possession of marihuana in Houston and appellant argues that such inquiry is not such as inquires of his reputation in the community. Appellant relies on Brown v. State, Tex.Cr.App., 477 S.W.2d 617, wherein this court stated:

"Thus, a question regarding an act of misconduct which, by its very nature, is likely to be a part of the person's reputation *in the community*, is appropriate as a means of testing the weight or credibility of the witness' opinion." Emphasis supplied.)

He argues that "in the community" could not include misconduct in Houston to a resident of Austin. We do not agree. A person's community is not limited to the locale where the case is tried nor his residence at the date the offense was committed. We refuse to hold that a person's reputation in Austin would not be affected by a recent felony criminal charge committed in Houston. See Ayers v. State, 162 Tex.Cr.R. 586, 288 S.W.2d 511, where the inquiry concerning a "have you heard" question was regarding a burglary charge in New York City.

The first ground of error is overruled.

Secondly, appellant complains of the court's overruling his objection to the prosecutor calling him a "dope pusher".

■ The evidence shows that a Department of Public Safety agent, accompanied by another person, visited the appellant's home and each purchased a quantity of marihuana from the appellant. During the final argument to the jury the prosecutor urged the jury to do something about "dope pushers", and that by his plea of guilty before the jury the appellant was "an admitted dope pusher". No reversible error is shown as such argument was a plea for law enforcement and a reasonable deduction from the evidence. See, e. g., Alejandro v. State, Tex.Cr.App., 493 S.W.2d 230, and cases cited therein.

Ground of error No. 2 is overruled.

Ground of error No. 3 complains of jury argument.

■ The record reflects that the appellant's counsel argued for probation. Thereafter, during the closing argument, the prosecutor argued against probation saying that ". . . Down in Houston he has had his chance and now he is asking for another chance." An objection was sustained and the court instructed the jury not to consider the remark for any purpose. Such instruction cured the error. Zepeda v. State, 172 Tex.Cr.R. 86, 353 S.W.2d 221.

Ground of error No. 3 is overruled.

The judgment is affirmed.