Leroy CURLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46628.

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Kerry P. Fitzgerald, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Wm. J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted of robbery with firearms. His punishment was assessed at sixty-five years' confinement. The sufficiency of the evidence is not challenged. Four grounds of error are presented on this appeal.

■ Ground of Error No. 1 urges that reversible error was committed when the prosecuting attorney, on the guilt-innocence hearing, asked Detective Hall whether or not he had conducted a lineup at which the witness Harris had identified appellant. Harris had previously testified that he had so identified appellant at that lineup, and he also identified appellant in court. Objection was on the ground that the testimony would be hearsay and that it was an attempt to bolster Harris' in-court identification of the appellant. The objection was sustained and Detective Hall was not permitted to answer. Appellant did not request an instruction or move for a mistrial. As he did not pursue the matter to an adverse ruling, but received all the relief he requested, no error is presented for review. Evans v. State, 477 S.W.2d 555 (Tex.Cr.App.1972); Armstrong v. State, 476 S.W.2d 703 (Tex.Cr.App.1972).

Ground No. 2 contends that the prosecuting attorney committed reversible error in bolstering Mr. Harris' identification of the appellant when he stated in his remarks to the jury, on the guilt-innocence hearing, that Detective Hall had testified that Harris identified appellant at the lineup. This was a misstatement of the testimony, as Detective Hall had only been permitted to testify that he conducted a lineup in which appellant appeared and that Harris was present and observed the lineup. As noted previously, Harris himself had testified that he identified appellant at the lineup. At points in the dispute between counsel over these comments, the trial court admonished the jury to be careful to remember the testimony as they had heard it, but appellant's actual objection was overruled.

In view of the other evidence referred to and the record as a whole, however, we conclude that these remarks of the prosecuting attorney were not of such prejudicial or injurious nature as to justify a reversal. Yancy v. State, 48 Tex.Cr.R. 166, 87 S.W. 693 (1905); Henderson v. State, 50 Tex.Cr.R. 604, 101 S.W. 208 (1907); Simmons v. State, 79 Tex.Cr.R. 492, 186 S.W. 325 (1916); King v. State, 156 Tex. Cr.R. 508, 243 S.W.2d 846 (1951); Barrientez v. State, 487 S.W.2d 97 (Tex. Crim.App.1972); Zepeda v. State, 172 Tex.Cr.R. 86, 353 S.W.2d 221 (1961); Canizares v. State, 143 Tex.Cr.R. 76, 157 S.W.2d 385 (1941).

In ground No. 3 appellant complains of the argument of the prosecuting attorney, on the punishment hearing, as follows:

"Mr. Scott: Well, you heard from Robert Wesley, who happens to be a grocer here in your community and who happened to take over five days after the robbery that you have just found this Defendant guilty of; happened to take over the Wesley Food Store on Atlanta in South Dallas five days after this offense and he just happens to have an opinion about this Defendant's reputation. He tells you his reputation for being a peaceful and law-abiding citizen in this community is bad. That is all I can say about that."

Appellant contends that this statement was calculated to and did imply to the jury that this character witness had also been robbed, presumably by the appellant. We do not believe the statement can reasonably be so construed. It is improper for the prosecuting attorney to imply to the jury that there is pertinent evidence he knows about which is not in the record, and the statement "That is all I can say about that" should not have been made. Under the circumstances, however, it was not reversible error. Mims v. State, 466 S.W.2d 317 (Tex.Cr.App.1971); Linzy v. State, 478 S.W.2d 950 (Tex.Cr.App.1972).

In ground No. 4 appellant urges that the prosecuting attorney commented on the appellant's failure to testify, when in his argument to the jury, on the guilt-innocence hearing, he stated that the jury did not hear "one witness say that he (appellant) didn't (commit the robbery) except Linda Williams . . . ."

For comments such as this one to constitute reversible error it must appear that no one but appellant was in a position to make such a denial. Mowery v. State, 140 Tex.Cr.R. 657, 146 S.W.2d 988 (1941); Opp v. State, 132 Tex.Cr.R. 221, 103 S.W. 2d 748 (1936). The implication that appellant's failure to testify is being referred to must be a necessary one. Richardson v. State, 172 Tex.Cr.R. 299, 356 S.W.2d 676 (1962); McCary v. State, 477 S.W.2d 624 (Tex.Cr.App.1972). If the language used can reasonably be construed as referring to the appellant's failure to produce other testimony than his own, as it can be here, it is not improper. Brown v. State, 475 S. W.2d 761 (Tex.Cr.App.1971); Alvear v. State, 170 Tex.Cr.R. 378, 341 S.W.2d 426 (1960).

All of appellant's grounds of error are overruled and the judgment of the trial court is affirmed.

Opinion approved by the Court.