WM. HARVEY v. THE STATE.

37  365
30a 563

1. In capital cases, a copy of the indictment and a list of the *special venire* must be furnished to the accused at least one day before he is put upon trial; and, unless he has waived his rights in these respects, it is error to proceed with the trial when he has not been furnished with such copy and list.

2. It is error to refuse a defendant in a criminal prosecution the privilege of recalling a State's witness, for the purpose of laying a predicate for the introduction of evidence to prove that he had made contradictory statements.

3. A party does not make a witness his own by merely recalling him for the purpose of cross-examination; but by propounding questions touching matters not called out in the examination in chief, he makes the witness his own.

4. Article 3133 of Paschal's Digest does not prohibit a party from attacking the testimony of his own witness, in any manner except by proving the bad character of the witness.

APPEAL from Chambers. Tried below before the Hon. William Chambers.

There is no occasion for a statement of the facts.

*Wharton Branch*, for the appellant.

*William Alexander, Attorney-General*, for the State.

WALKER, J. The appellant was entitled to a special *venire*; he was also entitled to a copy of the indictment, and a copy of the names of the jurors summoned, and it was error in the court to rule him to trial, without a strict compliance with the law in this behalf.

It was further error in the court to refuse the appellant the right to cross-examine a witness for the State, who had left the stand, but whom it was proposed to recall for the purpose of laying the foundation for evidence proving that she had made contradictory statements out of court.

A party does not make a witness his own, if he merely recalls the witness for the purpose of cross-examination; but if he propounds questions touching new matter not called out on the examination in chief, he makes the witness his own; but a party is not precluded under our law, Article 3133, Paschal's Digest, from attacking the testimony of his own witness, if the witness makes statements injurious to his cause, in any manner except by proving the bad character of the witness.

The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.