## JOSEPH HARRIS v. THE STATE.

PRACTICE.—The ruling of the District Court, in not admitting evidence for the defendant to go to the jury after argument commenced, will not be revised when it does not appear from the record that the evidence so offered was of a character to materially change the state of the case favorably for the defendant.

APPEAL from Brazoria. Tried below before the Hon. A. S. Broaddus.

The appellant was indicted at the July Term, 1875, of the District Court of Brazoria county for assault with intent to murder Jake Scurry, and on 25th of the same month was tried and convicted, the jury assessing his punishment at five years in the penitentiary.

The motion for new trial, which alleged the refusal of the court to permit defendant to introduce a witness after argument had begun, was overruled and the case appealed to the Supreme Court. The immateriality of the testimony excluded is shown in the opinion, which renders a full statement of the facts unnecessary.

No brief for appellant.

*A. J. Peeler, Assistant Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The defendant, being convicted for an assault with intent to murder, moved for a new trial on two grounds, to wit, that the charge of the court misled the jury as to the law, and error on the trial after the argument had commenced in not permitting a witness for the defendant to be produced and his evidence given in the case, which motion was overruled.

The charge of the court was reasonably sufficient.

The witness sought to be introduced would have proved that at the time Jake Scurry was cut it was a half an hour or an hour in the night and quite dark, and that upon being cut he ran into witness's house, and upon being asked who

cut him said he did not know, but that he thought it was Joe Harris. Under our code this evidence should have been admitted, if it appeared to the court that it was "necessary to a due administration of justice." (Paschal's Dig., art. 3046.) The court below not so regarding it, did not then stop the case and admit the evidence. We think the court did not err in this.

The object of this evidence was to throw discredit on the evidence of Jake Scurry, who, on the trial, swore positively that the defendant, Joe Harris, did cut him, and to make it probable, from the darkness of the night, that no one knew with any reasonable certainty who did cut him. To that it may be answered that another witness swore positively that Joe Harris was the person who cut Jake Scurry, and none of the several witnesses for the defendant stated any fact leading to a different conclusion; and although they said that it was very dark, they stated that they saw certain persons there at the time in the crowd where the cutting took place, and could see plainly enough to recognize them, and stated who they were and where they stood in the crowd. There is therefore no reason to believe that the evidence so offered after the argument commenced was of a character to materially change the state of the case favorably for the defendant as it then stood before the jury. There being no error shown in the record, the judgment is affirmed.

AFFIRMED.