## J. TREADWAY *v.* THE STATE.

1. EVIDENCE TO CONTRADICT A WITNESS.—In order to impeach the credit
of a witness by introducing his verbal statements out of court, contra-
dictory of his testimony, it is necessary first to interrogate him respecting
the time, place, and person involved in the supposed contradictory state-
ments.

2. SAME.—The court below refused to allow the accused to recall a state's
witness for the purpose of laying the predicate for impeaching his credit
by proof that he had made statements contradictory of his testimony.

*Held,* that the allowance of the recall for the purpose specified was a matter confided to the discretion of the judge, *a quo,* and his action upon it will not be revised by this court when the record fails to show that the recall was necessary to a due administration of justice. The ruling to the contrary in *Harvey* v. *The State,* 37 Texas, 365, is controverted as a general rule.

3. REASONABLE DOUBT.—In the trial of felonies the doctrine of reasonable doubt should, whether asked or not, be given in charge to the jury; and in the trial of misdemeanors it should be given whenever asked.

APPEAL from the District Court of Lavaca. Tried below before the Hon. EVERETT LEWIS.

The appellant was indicted and tried for assault with intent to murder G. W. Hairgrove; was found guilty of an aggravated assault, and his fine assessed at $100.

*J. C. Stone,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J. It is a familiar rule that, in order to impeach the credit of a witness by proof that he has made statements out of court contrary to what he has testified at the trial, in cases of verbal statements, it is necessary, first, to ask him as to time, place, and person involved in the supposed contradiction. 1 Greenl. on Ev., sec. 462.

In applying this rule to a state of facts identical in every respect to the question of practice as submitted in the record before us, the supreme court, in the case of *Harvey* v. *The State,* said: "It was further error in the court to refuse the appellant the right to cross-examine a witness for the state who had left the stand, but whom it was proposed to recall for the purpose of laying the foundation for evidence proving that she had made contradictory statements out of court." 37 Texas, 365.

In so far as the court was stating a proposition applicable

to the particular case they were then considering, the rule may be entirely correct; but if it was intended, in the extract quoted, to enunciate a general rule of practice appli- ·cable to all cases, we must dissent from the proposition. There is no such general rule of evidence, that we are aware ·of, making it absolutely obligatory upon the court to admit ·such testimony whenever insisted upon. Its admissibility ·or refusal is confided almost exclusively to the sound discre- ·tion of the judge, and this discretion is only limited by the statute, which enjoins that " the court shall allow testimony ·to be introduced at any time before argument of a cause is ·concluded if it appear that it is necessary to a due admin- istration of justice." Pasc. Dig., Art. 3046; *Sherwood* v. *The State*, 42 Texas, 498.

In *Kemp* v. *The State* the court say: "This statute was intended to give the district court great discretion in the ·admission of testimony; and, in order that justice may be ·administered in all cases, it has materially changed the rigid rule which hitherto obtained in regard to the admission of ·evidence. It is believed that the discretion thus confided to ·the district court was intended not to be a subject of revis- ion by the appellate court, unless it be made to appear that ·the discretion has been abused to defeat the ends of justice." ·38 Texas, 111; *Roach* v. *The State*, 41 Texas, 262.

Let us see if the action of the court, in refusing to allow ·the witness to be recalled in order that a predicate might be laid to admit evidence to impeach him in this case, was, in ·this view, erroneous. The judge had the discretion to admit ·or refuse, and his action will only be revised in this court when it appears to have been in derogation of what was "necessary to a due administration of justice." The refusal ·of the judge to admit the testimony, he tells us, was because, ·if defendant recalled the witness, he would make him his own witness, and that he would not be allowed to impeach ·his own witness. This reason given by the court was not

·correct.   Recalling the witness for the purpose desired would not necessarily have made him defendant's witness, and, if it had, defendant might have attacked him under our statute.    Pasc. Dig., Art. 3133.    But, though the reasons given for the action of the court were incorrect, still, we believe the court did not err in its action, because "there is no reason to believe that the evidence so proposed to be ·offered was of a character to materially change the state of the case favorably for the defendant, as it then stood before the jury."   *Harris* v. *The State*, 44 Texas, 146.   "If the ·evidence had been before the jury, it would not have been a ground for a different verdict."    *Meredith* v. *The State*, 40 Texas, 483.

The supposed contradictory statements sought to be proved were that witness Hairgrove had stated to John Shoemaker that, on the night of the assault, the witness Hairgrove had himself fired four or five shots from inside his father's yard.    If this statement could have been proved by Shoemaker, it was wholly immaterial under the facts adduced, and, under the facts proved as set out in the record, it would not have contradicted what the witness swore on the stand, for he expressly says: "There was four or five shots fired by some one from inside my father's yard at the time of the assault of James Treadway upon my father. I never stated to John Shoemaker that I shot four or five times, inside the yard, at that time; don't remember making any statement of the kind to any one."    In this statement the witness does not deny that he did fire the shots.    The evidence was immaterial in another point of view.    It made no difference, so far as the guilt of defendant was concerned, how many, if any, shots were fired from the yard, since the evidence, uncontradicted, discloses that these shots were fired after he himself had first shot at Hairgrove.

The other ground of error assigned is the refusal of the court to charge the reasonable doubt as to an aggravated

assault, asked in a special instruction submitted by defend–ant. In *Rideus* v. *The State* the substance of what was decided by the court is stated in the syllabus in these words: "The failure of the court to instruct the jury to acquit if they had a reasonable doubt of defendant's guilt will not be ground for reversal in a case where the evidence clearly established defendant's guilt." 41 Texas, 199. The case of *Pilkinton* v. *The State*, 19 Texas, 217, cited by the court in the above case, was decided before the adoption of our Codes.

The better opinion, under our Codes, seems to be that the reasonable doubt should be charged in all criminal cases,. whether felony or misdemeanor; in a felony whether asked or not, and in a misdemeanor whenever asked. See *Black* v. *The State*, decided by this court at Tyler term, 1876, and *Hampton* v. *The State*, decided at the present term of this court, *ante* pp. 368 and 652. And we can conceive of no good reason why district judges should refuse such a charge in any case. The interests of the state, certainly, could scarcely be prejudiced, and much valuable time and great labor would be saved to this and the lower courts by the district courts giving such charges whenever asked.

In the case we are considering we will not reverse the judgment for the refusal to give this charge, because the charge of the court, as given, was much more favorable, in our opinion, than the facts warranted. The facts established a case of assault with intent to murder if they established any offense, and the defendant was not entitled to a charge upon an aggravated assault, and, therefore, has no grounds. to complain.

The judgment of the lower court is affirmed.

*Affirmed.*