## EX PARTE JOHN RICHMOND.

*No. 676. Decided January 30.*

**County Convict—Right to Allowance of $3 per Day on Fine and Costs.—** When a party who has been convicted in the County Court makes affidavit before the clerk of said court that he is too poor to pay the fine and costs adjudged against him, and has said affidavit filed with said clerk, it is the duty of the court to take notice thereof and hire him out, and if the court fail to do so, the convict is entitled to a credit of $3 per day from the date of the filing of said affidavit; and should said sum at $3 per day aggregate an amount sufficient to discharge the fine and costs adjudged against him, the same is satisfied, and he is entitled to be released from custody.

APPEAL from Fort Bend.  Tried below before Hon. JOHN A. BAL-LOWE, County Judge.

The opinion states the case.

*F. M. O'Fenn* and *C. C. Everett,* for relator, cited articles 807 and 816, Code of Criminal Procedure, and claimed relator's right to discharge upon the plain letter of those articles.

No brief for respondent.

HENDERSON, JUDGE.—Appeal from a proceeding in chambers on habeas corpus, had before Hon. John A. Ballowe, county judge of Fort Bend County.

The record shows that appellant, John Richmond, was convicted in the County Court of Fort Bend County of the offense of unlawfully carrying a pistol, and a fine was assessed against him of $25. The conviction was on the 28th day of November, 1894. On the 4th day of December, 1894, the appellant made and filed his affidavit with the county clerk that he was too poor to pay the fine and costs adjudged against him, and that he had not been afforded an opportunity of being hired out.

On the 1st of January, 1895, the appellant, being still in jail, presented his application for a writ of habeas corpus and was brought before Judge Ballowe. The appellant claimed, that he was entitled to $3 fee a day on his fine and costs. After making his affidavit, on the 4th of December, he had been in jail a sufficient length of time, on the 1st of January, 1895, to have paid off his fine and costs—the fine being $25, and the total being $44.25.

The time which elapsed from the filing of the affidavit, on the 4th of December, 1894, to the 1st of January 1895, to wit, twenty-seven days, at $3 per day, was more than sufficient to have paid off the fine and costs of the relator. But it is urged, that the relator should have done something more than merely make his affidavit and file it with the clerk. It is not suggested what other act he should have done, and we can only conjecture that it is insisted he should not only have filed his affidavit, but should in some way have brought it directly to the attention of the court. In the pistol case, the record does not show that the defendant had an attorney, and the judgment of the court placed him in jail. By some means he got before the county clerk and made his affidavit, which the record shows was filed, presumably with the papers of the case. And in this, in our opinion, the appellant did all that could reasonably be expected of him. After the affidavit was made and filed, it was the duty of the court to take notice of it and to hire him out, if it was the desire of the authorities so to do.

At any rate, the relator was entitled to $3 a day from the date of making and filing said affidavit, and when he sued out the writ of ha-

beas corpus he was entitled to his liberty; and the judgment of the county judge is reversed, and the relator ordered discharged.

*Reversed, and relator discharged.*

Judges all present and concurring.