### John Casey v. The State.

#### No. 3270.  Decided December 20, 1905.

**1.—Murder in Second Degree—Evidence—Impeachment of Witness.**

On a trial for murder, a defendant's witness was interrogated on cross-examination about matters not brought out by the defense, and who denied making the imputed statement; whereupon the State placed witnesses on the stand to show that the first witness made the various statements inquired about. Held error, as said defendant's witness became a State's witness in regard to the new matter elicited, and having denied the statements imputed to him, could not be impeached by the State.

**2.—Same—Charge of Court—Murder in Second Degree—Reasonable Doubt.**

It is not necessary that in order for a defendant to have the benefit of a doubt in regard to the lower degree of homicide, the evidence should fail to establish the inferior degree; if there is a reasonable doubt as to the existence of the inferior degree of homicide or self-defense, then the accused is entitled to an' acquittal of the higher degree, and if there is a reasonable doubt between the two degrees, then the accused is entitled to the benefit of that doubt, and should be convicted only of the lower degree, and the charge contravening this rule was error.

Appeal from the District Court of Franklin. Tried below before Hon. P. A. Turner.

Appeal from a conviction of murder in second degree; penalty, ten years imprisonment in the penitentiary.

The following statement taken from defendant's brief is substantially correct: The testimony showed that for some days prior to the killing

the deceased had been mad at the appellant and would not speak to him, and that on the day before the homicide the deceased got mad at the appellant for not going and helping him fix a fence and on the night of the killing when spoken to by the appellant he was angry and spoke short to him, and when some words ensued between them he started onto the appellant with a knife and made a threat to do him some serious bodily injury, appellant shot him.

*R. T. Wilkinson, Rolston, Ward & Hutchings,* for appellant.—On the question of charge on murder in second degree: Morgan v. State, 16 Texas Crim. App., 593; White v. State, 23 id., 154.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for murder in the second degree, and ten years in the penitentiary fixed as a penalty.

Appellant used Laura Casey as a witness, and proved by her that on the night of the difficulty she was in the dining room. Immediately upon the gun firing, she went out on the gallery. She spoke to appellant, and asked him, "What he did that for?" His reply was that Harrison was coming onto him with a knife. This killing occurred at the residence of appellant. Harrison (deceased) was also living in the house. This was practically all the evidence of any moment testified by the witness Laura Casey for appellant. The bill recites that the defendant asked the witness no further questions, and she was turned over to the State. For the purpose of laying a predicate for impeachment, the State asked this witness several questions, and they were answered denying making the imputed statements. These questions were about matters not brought out by appellant on his examination of the witness. She was, therefore, in regard to these matters made a State's witness, and the answers was a denial simply. Witnesses were then placed upon the stand by the State to show that she made the various statements inquired about to them. Exception was reserved to this; first, that she became a State's witness in regard to the new matter elicited or sought to be elicited; and second, having failed to elicit such answers as desired, it was a failure of proof, and the witnesses who contradicted her, could not be used to rebut her statements before the jury, and thus get the evidence before them. Both contentions are well taken. In regard to the first proposition, see Jones v. State, 38 Texas Crim. Rep., 87; Harvey v. State, 37 Texas, 365; Woodward v. State, 42 Texas Crim. Rep., 188, 58 S. W. Rep., 135; Hodge v. State, 64 S. W. Rep., 242. In regard to the second proposition, see Erwin v. State, 32 Texas Crim. Rep., 519; Dunagain v. State, 38 Texas Crim. Rep., 614; Bailey v. State, 37 Texas Crim. Rep., 579; Gibson v. State, 29 S. W. Rep., 471; Knight v. State, 65 S. W. Rep., 89; Owens v. State, 46 Texas Crim. Rep., 14, 10 Texas Ct. Rep., 217; Wells v. State, 43 Texas Crim. Rep., 451, 4 Texas Ct. Rep., 830.

There are other bills of exception reserved in regard to other witnesses, the same as that in regard to Laura Casey, which are included in the observations in regard to the attempted impeachment of Laura Casey.

Applying the law of murder in the second degree, the court thus instructed the jury: "If you believe from the evidence beyond a reasonable doubt that defendant, with a gun (the same in your opinion being a deadly weapon) with intent to kill, did shoot and thereby kill J. F. Harrison, as charged in the indictment, and if the evidence fails to establish to your satisfaction beyond a reasonable doubt the existence of express malice, that the killing was upon express malice, as express malice is defined in this charge on the law of murder in the first degree, and if the evidence further fails to establish that the defendant was justified in killing deceased on the ground of self-defense, as self-defense is explained to you in this charge, and if the evidence further fails to establish the killing was manslaughter, as the law of manslaughter is defined and explained to you in this charge, then the law implies malice, and the defendant would be guilty of murder in the second degree, and you will so find." Exception is reserved to that portion of the charge, which requires the jury to believe, in order to convict of murder in the second degree, that the evidence should "fail to establish" manslaughter, and "fail to establish" self-defense. The contention is, that this is an infringement upon the reasonable doubt, and requires more of the evidence than the law authorizes. We believe this contention is correct. It is not necessary that in order for appellant to have the benefit of the doubt in regard to the lower degree of homicide, that the evidence should "fail to establish" the inferior degree. If there is a reasonable doubt as to the existence of the inferior degree of homicide or self-defense, then the accused is entitled to an acquittal of the higher degree. It is not required that the evidence should "establish" the existence of the inferior degree. To establish it, would make it a certainty. It would be a fixed conclusion that the inferior degree existed. Under the rule laid down by the court, the jury would be required to pass upon all the facts in regard to manslaughter, and decide in their minds that the appellant was not guilty of manslaughter as a crime, before they could give him the benefit of the doubt between the two degrees to the exclusion of the reasonable doubt. This, we take it, is beyond the law. If there is a reasonable doubt between the two degrees, the accused is entitled to the benefit of that doubt, and should be convicted only of the lower degree or grade.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*