Don ARMSTRONG, Appellant,

v.

The STATE of Texas, Appellee.

No. 44557.

Court of Criminal Appeals of Texas.

March 1, 1972.

Lee A. Chagra, El Paso, for appellant.

George E. Dowlen, Dist. Atty., and Richard P. Dambold, Asst. Dist. Atty., Canyon, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the unlawful sale of lysergic acid diethylamide (LSD). The jury assessed the punishment at three years.

The sufficiency of the evidence is not challenged.

Mrs. Carolyn Cox, a Randall County Deputy Sheriff acting as an undercover agent, testified that she met appellant for the first time on November 21, 1969, at a drive-in restaurant in Randall County. Appellant told her that he had just come from Colorado with a large quantity of mescaline. The two of them rode around for a while after which Mrs. Cox drove appellant to a motel where they stayed for about thirty minutes. They then went to the place where appellant had hidden the pills, and he offered to sell her some. She declined, took him back to the motel and returned home.

On November 23, 1969, Mrs. Cox again saw the appellant at the same drive-in. She asked him if she could still buy some mescaline, whereupon the appellant took her to another hiding place and sold her one tablet for $5.00.

The appellant testified that he met Mrs. Cox on November 21, 1969, and that she produced whiskey from her purse and they both had drinks. According to his testimony, they went to a motel where she produced marihuana and a pipe and after finishing the whiskey and smoking some marihuana, they had sexual intercourse. He denied selling her a pill. He testified on cross-examination that he might have given her a pill.

The chain of custody of the pill was established by the testimony of Officers Dave Griffin and Dan Smith of the Amarillo Police Department, and chemist George Taft of the Department of Public Safety testified that the substance analyzed was lysergic acid diethylamide.

■ In his first ground of error appellant complains that the trial court erred in allowing Officer Griffin to refresh his memory from notes made by Mrs. Cox. Griffin testified that he did remember the incident in general and that if he had made a report it would have been the same as that made by Mrs. Cox.

"If the witness is enabled to speak of the facts from his own refreshed recollection, it is generally held that the memorandum used to refresh a present memory may be made by one other than the witness, the established rule being that it is not the memorandum that is the evidence, but the recollection of the witness." 82 A.L.R.2d 502. Accord, People v. DeMario, 112 Ill.App.2d 175, 251 N. E.2d 267 (Ill.App.), cert. den. 397 U.S. 1057, 90 S.Ct. 1404, 25 L.Ed.2d 675 (1970).

See Johnson v. State (No. 44,899, February 23, 1972). Appellant's first ground of error is without merit.

■ In his second ground of error appellant complains of Griffin's testimony concerning the effects of LSD. Appellant opened up this area of inquiry when he cross-examined Officer Griffin and cannot be heard to complain of the State's action in further probing the area on re-direct. See Fleming v. State, 172 Tex.Cr.R. 520, 360 S.W.2d 153.

In his third ground of error appellant contends that the trial court erred in allowing Taft to testify as to the results of testing done by him on the substance appellant sold to Mrs. Cox. Appellant contends that the tests were comparison tests involving a reference sample and therefore hearsay.

Taft's qualifications as an expert in the field of chemical analysis were stipulated by appellant. Taft tested the reference sample and determined that it was LSD. He then ran two tests on the tablet and formed the opinion that it contained LSD. No error is shown. See Bridges v. State, Tex.Cr.App., 471 S.W.2d 827.

In his fourth ground of error appellant claims the trial court erred in allowing Mrs. Cox to testify to the purchase of narcotics from another whose case was highly publicized in Amarillo. The testimony was in rebuttal of appellant's claim that Mrs. Cox was with him at the hour she claimed to have purchased these other narcotics. Further, the record only shows that the case of the other party had come to trial. There is nothing regarding its results nor of any publicity it received. No error is shown.

In his fifth ground of error appellant contends that the trial court erred in not declaring a mistrial during the punishment phase of the trial when the prosecutor asked appellant's father about previous problems his son had been involved in regarding stolen cars. Before the question was answered the appellant objected and asked the court to instruct the jury to disregard the question. The court did so instruct the jury. The appellant did not ask for a mistrial and received everything he asked for. See Jenkins v. State, Tex.Cr. App., 435 S.W.2d 505; Dillard v. State, Tex.Cr.App., 434 S.W.2d 126; Van Skike v. State, Tex.Cr.App., 388 S.W.2d 716.[1]

In his sixth ground of error appellant generally complains that he did not receive a fair trial nor was the jury fair and impartial. He argues that his trial attorney failed to object many times; that he was denied probation when he qualified; and that the State was allowed to introduce evidence on matters opened up by himself. Upon examination of the record we find no merit to any of appellant's arguments.

No error is shown. The judgment is affirmed.

---

[1]. On direct examination the father testified about his son's conviction for aggravated assault which was later reversed and mentioned other minor offenses with which the appellant was connected. The testimony was given in support of an application for probation in an apparent attempt to show that appellant had previously been in very little trouble. The State was apparently trying to show that he had been in other trouble and not leave the jury with an incomplete story.