**Eddie Douglas WALKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47423.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

Tom L. Zachry (on appeal only), Fort Worth, for appellant.

Tim Curry, Dist. Atty., Timothy E. Thompson and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant was convicted on a plea of guilty for the offense of theft of property of the value of over fifty dollars; punishment was assessed by the Court at four years' imprisonment. On October 22, 1971, imposition of the sentence was suspended and the appellant was placed on probation.

Among the conditions of probation was the requirement that the appellant commit no offense against the laws of this State. On August 16, 1972, the State's first amended petition for revocation of probation was filed and alleged that the appellant "on or about May 4, 1972, in the County of Tarrant, State of Texas, did then and there unlawfully possess a narcotic drug, to-wit: heroin." After hearing the evidence on the motion to revoke probation on October 30, 1972, the Court found the appellant had violated the terms of probation and an order was entered revoking probation and sentence was imposed.

The appellant urges that the trial court abused its discretion in revoking the appellant's probation for the possession of heroin because the heroin was obtained in violation of the appellant's rights under the Fourth Amendment to the Constitution of the United States. The appellant contends the Court should have suppressed such illegally obtained evidence, and should not have admitted it into evidence and considered it.

Texas Department of Public Safety Narcotics Agents Neel and Gilstrap, armed with an arrest warrant for one William Lewis Robbins, went to the Shangri-La Motel in Fort Worth on May 4, 1972. On arriving there they found several persons in the room in which they expected to find Robbins, but Robbins was not among them. Soon thereafter, at about 2:00 a. m., while the officers were awaiting the arrival of Robbins, a car drove up in front of the room, honked the horn twice, and turned off the lights. The officers observed the appellant, who was the driver of the automobile, take an object from his shirt pocket and place it down between the seat and the door. They immediately went to the car and recovered the package, which contained a brown substance which testimony of a chemist showed to be heroin.

We need not determine whether the officers had probable cause to recover the package containing the heroin, as the appellant took the stand and testified to substantially the same pertinent facts to which both officers had testified. He thereby waived any objection to the testimony of the officers concerning the search. Jones v. State, 484 S.W.2d 745 (Tex.Cr. App.1972); Moulton v. State, 486 S.W.2d 334 (Tex.Cr.App.1971) and Bradley v. State, 478 S.W.2d 527 (Tex.Cr.App.1972). It was his testimony, however, that the package contained lactose and not heroin.

The trial court, having found that the package contained heroin rather than lactose, resolved the only issue in the case. We find the evidence sufficient to support the trial court's order revoking probation.

The judgment is affirmed.

Opinion approved by the Court.