Willie Charles HUNNICUTT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46880–46883.

Court of Criminal Appeals of Texas.

Oct. 31, 1973.

As Modified on Rehearing Nov. 21, 1973.

Wynn G. Stanton, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted, on four separate indictments, of the offense of robbery by firearms. His punishment was assessed at life imprisonment in each case.

The indictments, which arose out of the robbery of the manager of a Dallas supermarket and three of its individual employees, were tried together in a single trial. Appellant's only brief, which relates to this trial, sets out the same grounds of error as to each offense.

Appellant's first ground of error urges that the trial court erred in denying his motion to suppress and in overruling his objection to the admission of certain evidence obtained as a result of his arrest.

The evidence of which appellant complains consists of a group of sequentially-numbered one-dollar bills which were taken from appellant and the person arrested with him.

The transcript of testimony indicates that appellant made no objection when testimony relating to the money was first introduced. Additionally, appellant took the stand himself, and on cross-examination admitted that the money had been in his possession. In view of appellant's admission that he had the money, this Court

need not consider the legality of the search. See McComb v. State, 488 S.W.2d 105 (Tex. Cr.App.1972); Moulton v. State, 486 S.W. 2d 334 (Tex.Cr.App.1972), and cases there cited.

■ Appellant's second ground of error complains of the photographic identification procedures used by the police because the identification occurred at a time when appellant was in custody but was without the services of an attorney.

Such a contention has been held to be without merit. Barrientez v. State, 487 S. W.2d 97 (Tex.Cr.App.1972); Piper v. State, 484 S.W.2d 776 (Tex.Cr.App.1972); and compare United States v. Ash, 413 U. S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). Nor does the record indicate that the witnesses' identification of appellant was otherwise tainted. Six to eight photographs of different persons were exhibited. The identification occurred on the same day as the offense, and there was no evidence that the officers in any way emphasized appellant's photograph or encouraged the witnesses to choose it. Further, there was no evidence that the witnesses had ever identified anyone other than appellant as the robber, and they testified at trial that their identification was solely based on their having seen appellant at the robbery.

Another ground of error urges that the court should have declared a mistrial when a witness for the State testified that a warrant had been issued for appellant's arrest on an unrelated offense.

■ The argument in support of this ground of error indicates that appellant is complaining of two separate statements. Appellant did not object to the latter of these, and no error relating thereto is preserved. Thompson v. State, 486 S.W.2d 343 (Tex.Cr.App.1972).

■ As to the earlier statement, the record reflects that when the testimony was given counsel for appellant objected

and requested that the witness be examined outside the presence of the jury. The court instructed the witness to limit his testimony to the offense on trial, but granted appellant's request and retired the jury. After the witness was briefly questioned outside the presence of the jury, counsel for appellant objected to any questioning regarding the arrest warrant. The court sustained this objection and inquired of appellant's counsel whether ·he wished the court to instruct the jury to disregard. Counsel declined the offer. Further, the record does not show that he asked for a mistrial. There was no error. See Hunter v. State, 481 S.W.2d 806 (Tex.Cr.App. 1972); and Armstrong v. State, 476 S.W. 2d 703 (Tex.Cr.App.1972).

■ Appellant's next ground of error complains of the prosecutor's final argument at the guilt-innocence stage, because the argument implied that the appellant had been convicted of offenses other than those introduced in evidence.

We note initially that appellant complains of seven different portions of the final argument in this single ground of error. This procedure does not comply with the requirements of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. See Hunt v. State, 492 S.W.2d 540 (Tex.Cr.App.1973).

The record reflects that the court instructed the jury, in response to appellant's objections, that they should disregard ". . . any implication as to any wrongdoing in California . . .", and later, that they should disregard ". . . any implication that the Defendant has any record other than what has been brought out in this case . . . no record except what you have heard about."

■ The admonition to disregard is ordinarily sufficient to overcome any harm or prejudice caused by the argument. See Hodge v. State, 488 S.W.2d 779 (Tex.Cr. App.1972); and Haywood v. State, 482 S. W.2d 855 (Tex.Cr.App.1972). We have concluded that the two admonitions given

here were sufficient to overcome the prejudicial effect of these improper statements.

The appellant has also filed a *pro se* brief in which he again challenges the witnesses' identification. Since his complaints are related to the photographic identification procedure previously discussed (see discussion of ground of error number two, supra), we need not discuss the brief further than to say that it presents no error.

The judgments are affirmed.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

We note that the original opinion in these cases stated that appellant had been assessed life imprisonment for each offense. This is incorrect. In cause number 46,881 the original sentence of life imprisonment (dated July 13, 1972), was reformed to forty years' imprisonment on July 18, 1972. In view of this, our original opinion is modified accordingly, and the judgment, as modified, is affirmed.