Roger Lee JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47740.

Court of Criminal Appeals of Texas.

March 13, 1974.

Jerry J. Loftin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., W. W. Chambers, C. E. Webb, and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from a conviction by jury verdict for murder with malice. Punishment was assessed at fifty (50) years.

The State's evidence showed that at about 1:00 P.M. on August 29, 1971, in Fort Worth, appellant shot and killed his estranged wife on an access road to a freeway. He thereafter took her to his brother's apartment where he was found with the body and arrested by two officers called to the location by eyewitnesses.

During the cross-examination of State's witness Rettig, one of the arresting officers, it was developed that he had made a written police report shortly after the arrest. Appellant requested that the court order the State to make available to him a copy of such report for cross-examination and possible impeachment. The court made an *in camera* inspection of the report and, after doing so, sustained the State's objection, and denied the request. The police report has been sent to this Court in a sealed envelope attached as part of the statement of facts.

Appellant, in his twelfth ground, contends that the court erred in denying him the use of such report of the witness Rettig for effective cross-examination and possible impeachment of the witness.

█ It is clear that the appellant was entitled to inspect and use this report of the witness for the purpose of cross-examination and impeachment, and it was error for the court to deny the timely made request of appellant. Zanders v. State, Tex. Cr.App., 480 S.W.2d 708; Darrington v. State, Tex.Cr.App., 493 S.W.2d 244; Corbett v. State, Tex.Cr.App., 493 S.W.2d 940;

White v. State, Tex.Cr.App., 496 S.W.2d 642; Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467.

■ However, an error in denying such a request to inspect the written report of a witness may be harmless, dependent upon whether the examination of the statement by this Court demonstrates that the defendant has suffered harm by reason of the trial court's error. Zanders v. State, supra; White v. State, supra; Campos v. State, Tex.Cr.App., 468 S.W.2d 81. In order to determine the issue of harm to appellant, we must compare the report to the in-court testimony of Officer Rettig.

Having carefully examined the witness' report, and compared it to his testimony at the trial, we find nothing in the report which actually conflicts with Rettig's testimony given in court. However, we find what could well have been very damaging evidence given by him which was not included in the report, and which was in direct conflict with appellant's testimony.

After Rettig had testified of the arrest of appellant in the apartment of his brother, and of the undressed condition of deceased [1] as he found her lying on a bed in the apartment, the State rested. Appellant then took the stand and testified in his own behalf. It was his contention that deceased was shot by accident as he and she were fighting over a pistol while standing outside of their car parked in the street. The State, on cross-examination, questioned appellant extensively as to whether he had sexual intercourse with deceased after he had brought her to the apartment. This appellant denied. Appellant denied in answer to questions of the State that, when discovered by the officers, his pants were down, and his shirt and undershirt were off. Officer Rettig had testified that, when he first saw appellant, he was at the bathroom door putting on a pair of trousers, and did not have on a shirt. Appellant testified that when the officers entered the apartment he was fully dressed.

After appellant had placed a number of character witnesses on the stand, he rested. Thereupon, the State recalled Officer Rettig, who, over appellant's objection, testified in answer to the State's questions that after he had come into the room and observed appellant he got appellant by the arm and took him into the bedroom where deceased lay, and that appellant told him, "I was in the other room, I heard a shot; she had shot herself," and that then appellant mentioned something about suicide.

At this point, appellant renewed his request to be allowed to see the witness' report, which request was again denied.

There was no reference in the report as to appellant's state of dress, and no statement that his pants were down and his shirt and undershirt were off. Neither did the report include any reference to appellant having said anything while the officers were in the apartment or at anytime thereafter. The State placed considerable importance on these particular pieces of testimony. The statements attributed to appellant were in direct conflict with his in-court testimony, and also with the evidence of State's witnesses. As to appellant's undressed condition, as testified by Rettig, and the nudeness of deceased, the State argued to the jury that it showed that after appellant had killed deceased, "he takes her to his home and performs a sex act." [2]

■ We hold that the record discloses that appellant should have had the opportunity to cross-examine the witness Rettig as to the discrepancies between his testimony and his written report, particularly those items of his testimony that were not in the report, and that it was prejudicial, harmful error to deny him that opportunity.

---

1. The report also stated that deceased was lying on a bed "with her underclothing off" when the officers found her.

2. The court overruled an objection to this argument that it was out of the record. Appellant has such ruling as error in his ninth ground.

We further hold that the record did not justify the argument to the jury above referred to, and that the court's action in overruling appellant's objection constitutes reversible error.

In view of our disposition of the appeal, it is not necessary that we pass on other grounds of error.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.