Bennie Lee HUNT, Appellant,

v.

The STATE of Texas, Appellee.

No. 48788.

Court of Criminal Appeals of Texas.

July 24, 1974.

Darryl G. Campbell, Dallas, for appellant.

Henry Wade, Dist. Atty., and Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction, in a trial before a jury, of murder with malice. Punishment was assessed at life imprisonment.

Considering the facts most favorably to the verdict, the record reflects that on July 3, 1973, in Dallas, appellant entered a Stop & Go Drive In, walked to the cashier's stand, and shot and killed Michael W. Morrison. He then, while holding a gun to the chest of Mrs. Betty Carrington, forced her to go to the back of the store and demanded that she open the safe. She did not have a key to the safe and, after being unable to open it, appellant tried to open the cash register. His attempts to do so were unsuccessful, and he left. He was arrested a few hours thereafter in his apartment as he was packing preparatory to leaving town.

Appellant denied having committed this murder, and testified to an alibi. His evidence was supported by a witness who testified he was with appellant during the day and at the time of the offense.

In his first ground, appellant argues that reversible error was committed "when the prosecutor raised inferences to Defendant's juvenile record."

On cross-examination of State's eyewitness Betty Carrington, appellant asked her if she had ever been convicted of a felony or of misdemeanor theft. She replied in the negative. On re-direct, the following questions were asked and answers given:

"Q I take it then that when you were thirteen years old you didn't go stealing toy pistols out of stores, did you?

"A No.

"Q Or when you were eighteen years old—"

At this time, an unreported conference was held at the bench, after which the State's examination continued as follows:

"Q You have not been accused of anything or handled by the Police even one time, much less eight or nine times, have you.

"A No."

An objection that this could refer to appellant's past record by appellant was sustained; the jury was instructed to disregard the evidence, and a motion for mistrial was overruled.

Error, if any, in the above inquiries was cured by the court's instructions to the jury, and no reversible error is shown. Viges v. State, Tex.Cr.App., 508 S.W.2d 76; Boykin v. State, Tex.Cr.App., 504 S.W.2d 855; Curlin v. State, Tex.Cr.App., 505 S.W.2d 889.

The first ground of error is overruled.

In his second ground, appellant complains of reversible error when the prosecutor at the punishment stage referred to the fact that appellant had filed, but had withdrawn, his application for probation.

In his argument to the jury, the prosecuting attorney stated:

"Now they have abandoned any claim of being worthy for probation. I think they wisely withdrew their application for probation in this case."

Objection was sustained, and the jury was instructed to disregard. No motion for mistrial was made.

The State continued:

"I think Mr. Banks told you voir dire that the Defendant was eligible for probation. But probation, folks, and I think the Defense lawyers agreed with me on this case, is absurd in a case of this magnitude."

Again an objection was sustained, and the jury was instructed to disregard. No motion for mistrial was made.

Later on, the State argued:

"I can't help but think that they withdrew that application for probation because they knew . . . ."

Objection was sustained, the jury was instructed to disregard, and a motion for mistrial was denied.

■■ Since probation was no longer in the case, the arguments of the State quoted above were improper, and should not have been made. However, in view of the strength of the State's case, the positive identification by eyewitnesses of appellant as the robber and murderer, and the action of the court in sustaining the objections and instructing the jury to disregard the statements to which objections were made,

we do not find the argument to have been reversible error. No motion for mistrial was made as to the first two statements of the State, and in those instances the appellant secured all the relief asked for. Newman v. State, Tex.Cr.App., 501 S.W.2d 94; Mendoza v. State, Tex.Cr.App., 492 S.W. 2d 489; Hodge v. State, Tex.Cr.App., 488 S.W.2d 779.

■ As to the last statement of the prosecuting attorney quoted above, to which objection was made and sustained, but mistrial was denied, the ruling of the court cured any harm resulting from the error, and no reversible error is shown.

The second ground is overruled.

■ Appellant next assigns as error in his third ground argument of the State at the punishment stage when he quoted Mary Strange, a State's witness, as testifying that just before he was arrested appellant had told her that "If that bitch (referring to State's witness Annette Marie Ingram) tells anything I'll kill her ass."

The prosecuting attorney drew conclusions from such statement of the appellant that he was a violent man, and could kill Annette if he was released after serving a short time.

The argument was based on evidence, and was a justifiable conclusion to be drawn from the testimony. No reversible error is shown.

Appellant's brief contains two other grounds of error which are not briefed in accordance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., and need not be considered. Pearce v. State, Tex.Cr.App., 513 S.W.2d 539 (1974); Henricksen v. State, Tex.Cr.App., 500 S.W.2d 491.

The judgment is affirmed.

Opinion approved by the Court.