Brent Lasalle STEIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48664.

Court of Criminal Appeals of Texas.

Oct. 9, 1974.

Rehearing Denied Nov. 13, 1974.

Douglas R. Larson, Dallas, for appellant.

Henry Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant in a jury trial held in October, 1972, was convicted of possession of marihuana. Punishment was assessed at ten years' and one day confinement.

Sufficiency of the evidence to sustain the verdict is not questioned by any ground of error. Hence a short statement as to the nature of the case will suffice, and more detailed evidence will be noted where applicable to each ground of error.

On March 3, 1972, at about 10:00 P.M., two Dallas undercover police officers, K. W. Harris and James Barksdale, observed appellant stop his van on a side street in Dallas. Another car stopped against the curb in front of the van. Harris testified he saw a woman get out of the car, talk to appellant, and go back to the car and return to the van with something in her hand which he took to be marihuana. She got in the van with appellant and another woman, and the van left with appellant driving. This information was conveyed by Harris and Barksdale to Policeman Walden, then on duty, who thereafter stopped the van, called for other officers, and after they arrived searched the van. He testified that he found a film conveyor containing 2.78 grams of what was proved to be marihuana in the glove compartment.

In his first ground, appellant urges error in the action of the court in overruling his motion to suppress the evidence of marihuana being found in his van. He contends that the search was illegal.

Prior to the trial, a hearing was had on appellant's motion to suppress. After hearing evidence, the court overruled the motion, and found that probable cause for the arrest of appellant and the search of the van had been proved.

Officer Walden testified at the hearing, and also before the jury, that when he approached the van and talked to appellant the latter at first consented to a search. Walden then called for other officers. When they arrived, appellant revoked his consent, and locked the doors to the van. Another officer then talked to appellant, and, after some persuasion by him, appellant consented to a search. Walden then made the search of the van, and found the can with marihuana in the panel pocket. Due to the circumstances, the State does not rely upon a consent search.

Appellant voluntarily took the stand [1] and testified before the jury. He was asked on direct examination what, if anything, Officer Walden found in searching the van. Appellant stated he was watching the search as it was made, and that Walden stated: "I think I have found something," and showed the other officers and him a film container containing a substance that looked like marihuana taken from the panel pocket of the van. On cross-examination, appellant stated that the can and marihuana in evidence looked like the can found in the van. Other evidence

---

1. See and compare Nicholas v. State, Tex.Cr.App., 502 S.W.2d 169.

established that they were the same, and that the substance in the can was marihuana. In Creel v. State, Tex.Cr.App., 493 S. W.2d 814, 819, we said:

"Additionally, appellant is not in a position to complain. He voluntarily took the witness stand and testified, without objection, concerning the evidentiary items found in his vehicle and attempted to explain them away. The fact of such admissions constitutes a waiver and renders it immaterial whether the search was made upon probable cause. Moulton v. State, Tex.Cr.App., 486 S.W.2d 334; Palmer v. State, Tex.Cr.App., 475 S.W. 2d 797; Parker v. State, Tex.Cr.App., 384 S.W.2d 712; Brown v. State, Tex.Cr. App., 457 S.W.2d 917; Tsoi v. State, Tex. Cr.App., 489 S.W.2d 103; Jones v. State, Tex.Cr.App., 484 S.W.2d 745; Bradley v. State, Tex.Cr.App., 478 S.W.2d 527."

See, also, Sims v. State, Tex.Cr.App., 502 S.W.2d 730; Hunnicutt v. State, Tex. Cr.App., 500 S.W.2d 806; Walker v. State, Tex.Cr.App., 499 S.W.2d 177; Lester v. State, Tex.Cr.App., 498 S.W.2d 927.

In view of the testimony given by appellant of the finding of the marihuana in his van under the circumstances shown, we need not consider the legality of the search.

In addition, State's witness Lewis testified that subsequent to his arrest appellant told him that he knew that there was marihuana in his van on the night of March 3, 1972.

Appellant's first ground of error is overruled.

■ Appellant, in his second ground, contends that the court erred in failing to give a charge as requested concerning the validity of the arrest and seizure pursuant to Article 38.23, Vernon's Ann.C.C.P.[2]

Article 38.23 is applicable only when an issue of fact is created by the evidence of probable cause. McElwee v. State, Tex. Cr.App., 493 S.W.2d 876; Black v. State, Tex.Cr.App., 491 S.W.2d 428. There being no such issue of fact in the present case, the court did not err in declining the special charge submitted by appellant.

■ In his third ground, appellant contends error in the court's refusal to permit him to secure answers to certain questions asked a State's witness on cross-examination. Objection of the State that the questions called for conclusions of the witness was properly sustained. Furthermore, appellant did not ask the court to retire the jury so he could place in the record the proffered testimony. Absent a showing of what the excluded testimony would have been, or an offer of proof to the court what he expected the answers to be, nothing is presented for review. Article 40.09, Section 6(d)(1), V.A.C.C.P.; Elliott v. State, Tex.Cr.App., 475 S.W.2d 239; Hicks v. State, Tex.Cr.App., 493 S.W.2d 833.

■ In his fourth ground, appellant contends that the court erred in permitting assistant district attorney Zadina to testify at the punishment stage concerning appellant's general reputation in the community as a peaceable, law-abiding citizen. Zadina's testimony was admitted without any objection. Nothing is presented for review. Sloane v. State, Tex.Cr.App., 507 S. W.2d 747; Adams v. State, Tex.Cr.App., 499 S.W.2d 13.

■ Appellant, in his fifth ground of error, complains that since the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A., Section 801 et seq., conflicts with Article 725b, Vernon's Ann.P.C., the State was not authorized to prosecute appellant under the State statutes. This Court held contrary

2. ". . . In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

to appellant's contention in Morse v. State, Tex.Cr.App., 502 S.W.2d 805. The ground of error is overruled.

In his sixth ground, appellant complains that the court erred in refusing to sustain a motion for a mistrial when the court improperly admitted extraneous offenses in evidence.

While appellant was being interrogated on direct examination concerning his arrest and the search of the van, the following occurred:

"Q  Were you convinced at that point in time that barring any—

"MR. BANKS (State's attorney): Object to leading.

"THE COURT: Don't lead, please.

"A  I didn't put anything in it.

"THE COURT: Rephrase your question.

"MR. BANKS: Could we have him instructed not to answer. He's certainly aware of these things with all of his experience in the courtroom.

"MR. MATTOX (Defense attorney): I will object to that statement and ask you instruct the jury to disregard it.

"THE COURT: Disregard the statement made by Mr. Banks and do not consider it for any purpose.

"MR. MATTOX: Further request a mistrial at this time.

"THE COURT: Overruled."

Error, if any, in the remark of the prosecuting attorney as to appellant's experience in the courtroom was cured by the court's instruction to the jury. Boykin v. State, Tex.Cr.App., 504 S.W.2d 855; Barnes v. State, Tex.Cr.App., 502 S.W.2d 738.

Appellant next complains, in his seventh ground of error, that the court prohibited him from eliciting testimony from State's witness Officer Harrison that appellant was "surprised" when the marihuana was produced from the glove compartment of the van. The objection that this called for speculation on the part of the witness was properly sustained.

However, Harrison was permitted to state that appellant appeared startled at the discovery of the can of marihuana. Later, appellant testified as to his feelings of panic and surprise, contending that the marihuana was not his, and that he did not known anything about it. No harm is shown as the result of the ruling of the court.

The seventh ground of error is overruled.

In his eighth ground, appellant complains that he was denied a fair and impartial trial because of prejudicial and inflammatory jury argument made by the prosecutor. He assigns complaints to eight separate portions of the argument, some being addressed to argument at the guilt stage, and others at the punishment stage.

In Fuller v. State, Tex.Cr.App., 501 S.W.2d 112, at p. 115, we said:

"Appellant also complains he was denied a fair and impartial trial because of the inflammatory and prejudicial jury argument made by the prosecutor.

"In a single ground of error appellant combines at least five examples of allegedly improper argument. The same clearly does not comport with the provisions of Article 40.09, § 9, Vernon's Ann.C.C.P., and nothing is presented for review. See Goad v. State, 464 S.W.2d 129 (Tex.Cr.App.1971)."

See, also, Elizalde v. State, Tex.Cr.App., 507 S.W.2d 749; Lombardo v. State, Tex. Cr.App., 503 S.W.2d 780; Hunnicutt v. State, Tex.Cr.App., 500 S.W.2d 806; Hunt v. State, Tex.Cr.App., 492 S.W.2d 540.

The eighth ground of error is overruled.

In his ninth ground, appellant complains of the State's argument to the jury that "Doug Baker has told you that he is familiar with this defendant's smoking habits." He states that since objection to Baker's evidence of his smoking habits had been sustained, this argument was out of the record.

The appellant's objection to the argument was sustained, and the jury was instructed to disregard the remark but a motion for mistrial was denied. No reversible error is shown. Boykin v. State, supra; Adams v. State, supra. Appellant had testified without objection that on occasions he smoked marihuana, and had placed in evidence his smoking habits. No harm is shown.

Appellant also complains of a statement made by the State to the jury that appellant when he was arrested wanted to call a "criminal lawyer." Appellant testified that at that time he had the names of three lawyers to call in case of arrest, and it is not unreasonable to conclude that since they were to be called in case of arrest, they were lawyers who practiced criminal law. No reversible error is presented.

The ninth ground of error is overruled.

In his tenth ground, appellant complains of the State's comment, in its jury argument, that "Pat Bowden was called by us, Ladies and Gentlemen, so these lawyers couldn't 'get up here and say' well, must have been Pat Bowden." Appellant's objection that this was outside the record was sustained. No motion to instruct the jury to disregard was made, but the court overruled a motion for a mistrial.

Pat Bowden was the woman who went from the car to the van on the night in question and who was with appellant when he was arrested. She testified that she did not put the marihuana in the van.

No reversible error is shown.

Appellant next complains, in his eleventh ground, of jury misconduct when one of the jurors, Betty Erwin, was approached by a newspaper reporter who made certain remarks to her. This occurred before the parties rested, and prior to the charge being read to the jury, and the jury was not sequestered. See Art. 35.23, V.A.C.C.P.

When this was called to the attention of the court in a motion for mistrial, a hearing was had out of the presence of the other jurors, and Mrs. Erwin was called on to testify.

The substance of her testimony is as follows:

"THE COURT: Mrs. Erwin, apparently something happened at recess you would like to tell us about.

"MRS. ERWIN: Well, I'm sure it's very insignificant, but I don't want it happening again, not to me. As I was going out of the Courtroom to the elevator to go downstairs, one of the people in the jury room—in the Courtroom out there—one of the people sitting in the visitor's section out there said as he walked by me—he said, 'I wouldn't want to be in your shoes,' and I'm a light hearted person and I said, 'Why?' I said, 'They're smaller than yours.' I tried to be good natured. I'm tired and worn out and anyway he said, 'Oh, I don't mean that. I mean about your being a juror,' and he just walked on off. He looked at me and walked on off and as I said, I've not said anything to anybody about anything about this case and I've not discussed it with the other jurors and I do not appreciate anybody in that Courtroom saying anything to me because I'm a juror—not in any way.

"THE COURT: Mrs. Erwin did you receive any implication of a threat or intimidation from what was said?

"MRS. ERWIN: No, and I will not take it that way."

No other witness testified on the hearing.

In Johnson v. State, Tex.Cr.App., 469 S.W.2d 581, we said:

"The burden no longer rests upon the State to show that nothing prejudicial occurred during the jury's separation. As separation is now authorized by the Legislature, the presumption of harm during such separation is no longer valid."

See, also, Blackwell v. State, 510 S.W.2d 1952 (1974); Maldonado v. State, Tex.Cr.App., 507 S.W.2d 206.

Although a violation of Article 36.22, V.A.C.C.P., was shown, as testified to by juror Erwin this raised no presumption of harm to appellant, and since appellant failed to show harm, the court properly overruled appellant's motion for a mistrial. Maldonado v. State, supra.

■ In his twelfth ground, appellant states that he was wrongfully denied the written reports of Officers Harris, Barksdale and Walden for purposes of cross-examination and impeachment of the officers' testimony.

Harris and Barksdale were the officers who saw appellant in the van when the woman left the car, got in the van with something in her hand, and rode off with appellant. They each testified they reported this to Walden, who testified as the arresting officer.

When interrogated about any written reports, Harris and Barksdale each testified they had not made any written reports. Appellant does not refer us to any portion of the record which indicates either of them having made or filed a written report. Officer Walden filed an arrest report, and this report was handed to appellant's counsel during Walden's testimony.

Arrest reports on the two women arrested with appellant were also made by Walden. These were not shown to have been used by him during or before his giving testimony. They were examined by the trial court, who ruled that they contained nothing which would be useful to appellant, and declined their request to examine them. These reports have been sent to us in a sealed envelope for our inspection. See Jackson v. State, Tex.Cr.App., 506 S.W.2d 620; Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467.

Since Walden testified concerning the arrest of appellant and the two women, the court erred in declining to permit counsel for appellant to examine these reports. Jackson v. State, supra; Gaskin v. State, supra; Zanders v. State, Tex.Cr.App., 480 S.W.2d 708.

However, an examination of the sealed reports contained in the record fails to show just how appellant was harmed by the court's denial of his request. The reports were entirely consistent with the witness' testimony, and practically all of the information contained in the reports was developed during the trial. We find no reversible error. See White v. State, Tex.Cr.App., 496 S.W.2d 642; Corbett v. State, Tex.Cr.App., 493 S.W.2d 940.

The ground of error number twelve is overruled.

■ In his thirteenth ground, appellant urges error in the court's failure, over objection, to give a charge on circumstantial evidence.

In addition to the evidence that the marihuana was found in the van owned and operated by appellant, under the circumstances heretofore summarized, the State's witness R. D. Lewis, in relating a conversation between him and appellant had March 14, 1972, testified as follows:

"Q (the prosecutor): 'Do you recall whether or not he [the defendant] answered that question, whether or not there was any marijuana in his van on the night of March 3rd and

early morning hours of March 4th, 1972?'"

\* \* \* \* \* \*

"A He answered the question. He said he did know there was marijuana in the van."

\* \* \* \* \* \*

"BY MR. MATTOX: [The Appellant's counsel]

"Q 'He told you he saw officers find some marijuana in that van, didn't . he?

"A Yes, sir.' "

\* \* \* \* \* \*

"BY MR. BANKS [the prosecutor]:

"Q The question is he did know it prior to the time he saw the officer find the marijuana in the van, is that correct?

"A Yes, sir."

Under the facts of the case, a charge on circumstantial evidence was not required. There was direct evidence in the testimony of the witness Lewis that appellant admitted having marihuana in his possession in the van owned and operated by him, and that he knew of the presence of such marihuana. See Smith v. State, Tex.Cr.App., 504 S.W.2d 875; Cogburn v. State, Tex.Cr. App., 458 S.W.2d 932; Patterson v. State, Tex.Cr.App., 416 S.W.2d 816.

The thirteenth ground of error is overruled.

■■■ In his fourteenth ground, appellant contends that the court committed error in charging the jury on the law of principals.

The charge contained an abstract statement of the law of principals, without making an application of this paragraph to the facts of the case. The inclusion of such abstract statement was error; however, appellant did not object to the charge on this basis. Cf. McCuin v. State, Tex. Cr.App., 505 S.W.2d 827. His *sole* objection was "because there is no evidence to support said charge," and his argument in his brief is addressed solely to this alleged lack of evidence.

Under the evidence, a charge on principals was not required, since the evidence is sufficient to support a finding that appellant unlawfully possessed the marihuana.[3] Notwithstanding the instruction on the law of principals, the court in his charge specifically made appellant's guilt depend on a finding that appellant "did then and there unlawfully possess a narcotic drug, to-wit, marihuana" and told the jury that "unless you so find, or if you have a reasonable doubt thereof, you will acquit the defendant." In light of the evidence of appellant's personal possession and the court's instructions, the inclusion of the abstract statement of the law of principals was harmless error. Hannon v. State, Tex.Cr. App., 475 S.W.2d 800; Scott v. State, Tex.Cr.App., 450 S.W.2d 868; Lowe v. State, Tex.Cr.App., 377 S.W.2d 193; Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1029. Cf. McCuin v. State, supra; Oliver v. State, 160 Tex.Cr.R. 222, 268 S.W.2d 467.

The fourteenth ground of error is overruled.

Appellant's fifteenth ground of error reads:

"The trial court erred in admitting the testimony of the probation officer assigned to his court."

---

3. In McCuin v. State, supra, an abstract statement of the law of principals with no application thereof to the facts in evidence, to which charge proper objections were made, was held to be reversible error, since the State, under the evidence, necessarily relied on the law of principals for a conviction. Cf. Hannon v. State, Tex.Cr.App., 475 S.W.2d 800; Lowe v. State, Tex.Cr.App., 377 S.W.2d 193; Durham v. State, 112 Tex.Cr.R. 395, 16 S.W.2d 1092; where the defendants themselves committed the offenses, so that a charge on principals, which was given, was unnecessary.

At the punishment stage, the State called Richard Rutledge, Adult Probation Officer of Dallas County, as a witness of appellant's general reputation as a peaceable, law-abiding citizen in Dallas County where he resided. The court, at appellant's request, excused the jury from the courtroom, whereupon appellant objected to Rutledge testifying as a character witness because he was assigned to the court trying the case, and his testimony would be a reflection of the court's opinion, and also his testimony would be a disclosure to the jury of evidence and transactions learned by the probation officer in interviews with appellant. Also, appellant stated in his objections the court should disqualify himself from presiding in the trial should his officer be permitted to testify.

The objections were overruled as also was a motion for mistrial.

Thereupon in the presence of the jury, Rutledge testified that he was the Adult Probation Officer of Dallas County, that he knew appellant's reputation for being a peaceful and law-abiding citizen among the persons that knew him best in the community in which he resides, and that such reputation was bad. He also testified that appellant's reputation for truth and veracity was bad.[4]

Defense counsel then cross-examined the witness concerning his duties as a probation officer, and had him name the usual terms and conditions of probation.[5]

On redirect examination, the following occurred:

"BY MR. BANKS:

"Q Mr. Rutledge, do you think Brent Lasalle Stein could comply with any of the terms that you just told us about, specifically?

"A As I said before, I have reservations about his ability to cooperate and adhere to the conditions of probation.

"MR. BANKS: Thank you sir. No further questions."

No objection to the above question and answer at this time appears in the record. However, when the witness was turned over to the defense, the general objection to all of the probation officer's testimony for the reasons hereinbefore stated was renewed. A conference was had at the bench out of the hearing of the reporter, and thereafter, the court, on his own motion, struck the last question and answer from the record, and instructed the jury not to consider same for any purpose. After this instruction was given, appellant did object to this question and answer, which objection was sustained. No motion for a mistrial was made.

■ The fact that Rutledge was the probation officer of Dallas County attached with the court trying this case did not disqualify him as a reputation witness for the State.

This Court has frequently held that police and investigating officers may testify to a defendant's general reputation for being a peaceful, law-abiding citizen, when such reputation is in issue. Nichols v. State, Tex.Cr.App., 494 S.W.2d 830; Wright v. State, Tex.Cr.App., 491 S.W.2d 936; Frison v. State, Tex.Cr.App., 473 S.W.2d 479. Juvenile officers acquainted with the accused (a juvenile when the reputation was acquired) were held to be qualified reputation witnesses against the accused in Fortson v. State, Tex.Cr.App., 474 S.W.2d 234. Also, the judge was not disqualified by virtue of the probation officers' connection with the court.

■ The trial court properly overruled appellant's objection that Rutledge, by virtue of his position, was disqualified as a

---

4. Appellant was a witness at both the guilt and punishment stages.

5. Appellant had filed an application for probation in the event of his conviction.

reputation witness for the State, and the motion that the judge disqualify himself.

■ As for the testimony quoted above given on redirect, the record reflects that after this testimony was admitted the witness was passed to the defense, and there was no objection made to such evidence until after the court had, on his own motion, struck it from the record and instructed the jury that it should not consider it. The belated objection was then sustained. There was no motion for a mistrial. See Mendoza v. State, Tex.Cr.App., 492 S.W. 489; Hunt v. State, Tex.Cr.App., 511 S.W.2d 954.

Reversible error is not shown.

The fifteenth ground of error is overruled.

In his sixteenth ground, appellant complains of the denial of his motion for continuance for two days, filed after the verdict of guilty had been returned and before the punishment stage had commenced. Appellant stated in his motion that he had learned that the State intended to offer certain police officers as character witnesses, and, pleading surprise, he needed more time to conduct an investigation of these witnesses and subpoena certain records so as to be better informed concerning his cross-examination.

■■ The granting of such a motion made after the commencement of the trial was within the sound discretion of the court. We find no facts in the record showing an abuse of such discretion. Farmer v. State, Tex.Cr.App., 491 S.W.2d 133; Williams v. State, Tex.Cr.App., 481 S.W.2d 119; Seefurth v. State, Tex.Cr. App., 422 S.W.2d 931.

The sixteenth ground of error is overruled.

■ Appellant contends in his seventeenth ground that the court erred in not permitting certain cross-examination of the witness Hardin.

Officer Ball, at the punishment stage, testified that appellant's general reputation as a peaceful, law-abiding citizen was bad. Also, Officer Hardin, as a State's witness, testified to the same effect. Appellant, in the absence of the jury, stated that he proposed to ask Hardin concerning Ball's general reputation for truth and veracity, and that if Hardin stated it was good, he wished to cross-examine him as to whether he had heard of certain incidents in Ball's background "including the killing of one civilian" and of Ball's "having perjured himself on a specific occasion that I will specify."

The court ruled that appellant would be permitted to ask the witness concerning Ball's general reputation as to truth and veracity, but sustained the State's objection to the proposed "have you heard" questions. In view of the court's ruling, appellant did not use Hardin as a character witness.

Since the proposed examination by appellant of Hardin would have been as to new matter not brought out by the State, Hardin would have been appellant's witness thereto, and his testimony could not be impeached by hearsay evidence. Clark v. State, 160 Tex.Cr.R. 32, 267 S.W.2d 147; Corley v. State, 160 Tex.Cr.R. 504, 272 S.W.2d 354 (on rehearing, 359); Lewis v. State, 108 Tex.Cr.R. 258, 1 S.W.2d 298; Austin v. State, 95 Tex.Cr.R. 417, 254 S.W. 795; Casey v. State, 49 Tex.Cr.R. 174, 90 S.W. 1018.

Furthermore, the record is silent as to what Hardin's evidence would have been in answer to the proposed questions.

The seventeenth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.